**[PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 23, 2001
THOMAS K. KAHN
CLERK

_____

No. 99-14833
Non-Argument Calendar

_____

D.C. Docket No. 99-00428-CR-DMM


UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus


MIGUEL CAMACHO,

Defendant-Appellant.


_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(April 23, 2001)

ON PETITION FOR REHEARING

Before TJOFLAT, BARKETT and HILL, Circuit Judges.

TJOFLAT, Circuit Judge:

Appellant Miguel Camacho filed a petition for rehearing in this case, arguing that under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), this court should reconsider its opinion affirming his conviction and either grant him a new trial or vacate his sentence and remand his case for re-sentencing. Both Camacho and the Government were instructed to file supplemental briefings on the Apprendi issue. We have reheard the case insofar as that issue is involved.

Camacho was convicted of possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At trial, Camacho stipulated that the seized cocaine was 89% pure and in total weighed 39.77 kilograms. Camacho objected at sentencing (and in supplemental objections to the Pre-Sentence Investigation Report ("PSI")) that the quantity of drugs attributable to him was an element of the offense, relying upon Jones v. United States 526 U.S. 227, 243 n.6, 119 S. Ct. 1215, 1224 n.6, 143 L. Ed. 2d 311 (1999). The district court found Jones to be inapplicable and sentenced Camacho under the mandatory

minimum sentence provisions of 21 U.S.C. § 841(b)(1)(A)[1] to 120 months' imprisonment. Because Camacho raised a constitutional objection in a timely fashion, he preserved the Apprendi issue for appeal and thus receives the benefit of preserved error review. See United States v. Candelario, 240 F.3d 1300, 1306 (11th Cir. 2001). Preserved error review under Apprendi looks first to whether there was error and, if so, undertakes a harmless error analysis. Id. at 1307.

In his petition for rehearing, Camacho argues that, under Apprendi, because there was no jury determination of drug quantity and because the indictment simply charged him with possession of a "detectable amount" of cocaine, he could not be convicted and sentenced pursuant to the provisions of section 841(b)(1)(A) – which was applied by the district court. Rather, Camacho contends that 21 U.S.C. § 841(b)(1)(C),[2] which provides the maximum sentence established for possession with intent to distribute any discernable amount of cocaine, regardless of quantity, is the only possible section under which he could be sentenced.[3]

---

[1] Section 841(b)(1)(A) provides, in pertinent part: "In the case of a violation of [section 841(a)] involving . . . 5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . ."

[2] 21 U.S.C. § 841(b)(1)(C) provides, in pertinent part: "In the case of a controlled substance in schedule I or II . . . such person shall be sentenced to a term of imprisonment of not more than 20 years." Cocaine is a schedule II drug. 21 U.S.C. § 812, Schedule II.

[3] Camacho also claims that Apprendi requires that his sentencing range should have been 37-46 months – the low end of the Sentencing Guidelines. We reject this claim because we have

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at ___, 120 S. Ct. at 2362-63. As the indictment in this case failed to allege drug quantity, Camacho's sentence would be proper only if it met the requirements of section 841(b)(1)(C). Normally, a defendant may obtain re-sentencing under Apprendi only if the sentence he actually receives exceeds the maximum allowable sentence he should have received under section 841(b)(1)(C), i.e., twenty years' imprisonment, without regard to quantity. United States v. Gerrow, 232 F.3d 831, 834 (11th Cir. 2000) ("[T]here is no error, plain or otherwise, under Apprendi where the term of imprisonment is within the statutory maximum set forth in § 841(b)(1)(C) for a cocaine offense without regard to drug quantity."). The reason that Gerrow states that there is "no error . . . under Apprendi" for sentences less than twenty years' imprisonment is because we construe the sentence as a section 841(b)(1)(C) sentence (notwithstanding what the district court may have called it). Because Camacho's sentence of 120 months' imprisonment was less than the twenty year maximum prescribed by section

---

held that Apprendi does not affect determinations under the Sentencing Guidelines. See United States v. Gallego, ___ F.3d ___, No. 97-5293 (11th Cir. 2001).

4

841(b)(1)(C),[4] there is arguably no <u>Apprendi</u> error, even though the court utilized a

mandatory minimum when sentencing Camacho.[5]

Regardless of whether there is <u>Apprendi</u> error, there is error in Camacho's

sentence under <u>United States v. Rogers</u>, 228 F.3d 1318, 1327 (11th Cir. 2000).

<u>Rogers</u>, decided prior to <u>Gerrow</u>, went beyond <u>Apprendi</u> to hold that "drug

quantity in section 841(b)(1)(A) and section 841(b)(1)(B) cases must be charged in

the indictment and proven to a jury beyond a reasonable doubt." This principle of

<u>Rogers</u> is violated by Camacho's sentence in a way that <u>Gerrow</u> does not

---

[4] Camacho's sentence fell below the statutory maximum under any of the subsections of section 841(b) [ten years to life; five to forty years; or zero to twenty years], regardless of the quantity of drugs for which he was held responsible.

[5] The reason that there may not be error under <u>Apprendi</u> is that <u>Apprendi</u> expressly retained <u>McMillan v. Pennsylvania</u>, 477 U.S. 79, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1986), which lends approval to mandatory minimum sentences. 530 U.S. at ___ n. 13, 120 S. Ct. at 2361 n.13 ("We do not overrule <u>McMillan</u>."). Other circuits have split on whether imposition of a mandatory minimum sentence violates <u>Apprendi</u>. <u>Compare</u> <u>United States v. Ramirez</u>, 242 F.3d 348, 351-52 (6th Cir. 2001) (holding in a section 841 case that, in light of <u>Apprendi</u>, "[a]ggravating factors . . . that increase the penalty from a nonmandatory minimum sentence to a mandatory minimum sentence, or from a lesser to a greater minimum sentence, are now elements of the crime to be charged and proved") <u>with</u> <u>United States v. Rodgers</u>, ___ F.3d ___, No. 00-1030 (7th Cir. 2001) (holding in a section 841 case that <u>Apprendi</u> does not apply to mandatory minimum sentences because <u>McMillan</u> is still good law), <u>United States v. Harris</u>, ___ F.3d ___, No. 00-4154 (4th Cir. 2001) (holding that mandatory minimums do not violate <u>Apprendi</u>), <u>United States v. Robinson</u>, 241 F.3d 115, 122 (1st Cir. 2001) (same), <u>United States v. Keith</u>, 230 F.3d 784, 787 (5th Cir. 2000) (per curiam) (same), <u>and</u> <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926, 934 (8th Cir. 2000) (same). While this circuit has intimated that mandatory minimums are not violative of <u>Apprendi,</u> <u>see</u> <u>United States v. Pounds</u>, 230 F.3d 1317, 1319 (11th Cir. 2000), we have not explicitly ruled on the issue. We decline to do so now based on the fact that Camacho's sentence runs afoul of <u>United States v. Rogers</u>, 228 F.3d 1318, 1327 (11th Cir. 2000).

contemplate.  By sentencing Camacho to the mandatory minimum sentence (through narrowing the Guideline range),[6] the district court necessarily used section 841(b)(1)(A) for sentencing; we cannot employ any legal fiction to think otherwise.  Rather, we must say that there is no doubt that the district court applied the regime of section 841(b)(1)(A) when sentencing Camacho.  This is error under this circuit's precedent in Rogers, because quantity was not charged in the indictment and proven to the jury.

Because Camacho objected to the imposition of a sentence based upon section 841(b)(1)(A), he preserved the error for our review.  See Candelario, 240 F.3d at 1306.  This means that, under Candelario and Fed. R. Crim. P. 52(a), we must determine whether the error was harmless.  An error is harmless unless the record "contains evidence that could rationally lead to a contrary finding." Candelario, 240 F.3d at 1308 (quoting United States v. Neder, 527 U.S. 1, 18-19, 119 S. Ct. 1827, 1838-39, 144 L. Ed. 2d 35 (1999)).  For example, in United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000), we held that a preserved Apprendi error was harmless where the evidence about drug quantity was "undisputed," such

_____

[6] Camacho was sentenced according to a base offense level of 30 and a criminal history category of II.  Had Camacho been sentenced under section 841(b)(1)(C), the applicable Guideline range would have been 108-135 months.  However, because the district court employed the mandatory minimum of section 841(b)(1)(A), the court reduced Camacho's Guideline range to 120-135 months.  The district court then sentenced Camacho to the bottom end of that reduced range.

that "no reasonable jury could have rationally concluded that Defendant was guilty of the substantive offense . . . but that the amount of [crack] cocaine possessed" was less than the five grams necessary for sentencing under section 841(b)(1)(B). See also United States v. Gallego, ___ F.3d ___, No. 97-5293 (11th Cir. 2001) (finding, on plain error review, no effect on substantial rights because of overwhelming evidence about drug quantity); United States v. Wims, ___ F.3d ___, No. 98-3684 (11th Cir. 2001) (same); Candelario, 240 F.3d at 1311-1312 (same); United States v. Pease, 240 F.3d 938 (11th Cir. 2001) (same); United States v. Swatzie, 228 F.3d 1278 (11th Cir. 2000) (same).

Based on this reasoning that says that an Apprendi error is harmless (or has no effect on substantial rights) when there is undisputed testimony about drug quantity, it necessarily follows that a Rogers error[7] is harmless in a case where the defendant stipulated to drug quantity. At trial, Camacho stipulated to the quantity of drugs involved in his crime – 39.77 kilograms.[8] The stipulation took the issue

---

[7] A "Rogers error" occurs when a defendant in a section 841 case is sentenced on the basis of drug quantity and the sentence cannot logically be construed as a section 841(b)(1)(C) sentence.

[8] Camacho's stipulation as the quantity and purity of cocaine reads as follows:
>  The United States of America by and through its undersigned assistant United States Attorney and the defendant Miguel Camacho stipulate to the following:
>  The substance admitted into evidence as government's exhibit 3 is a mixture or substance containing a detectible amount of cocaine hydrochloride. The net weight of the substance is 39.77 kilograms, and the concentration or strength of the cocaine hydrochloride is 89 percent.

7

away from the jury, and the jury's guilty verdict on the substantive offense rested upon the quantity to which Camacho stipulated. The stipulation thus acts as the equivalent of a jury finding on drug quantity. Therefore, due to the effect of the stipulation, the imposition of Camacho's sentence under section 841(b)(1)(A) was error – but harmless error. See United States v. Jackson, 240 F.3d 1245, 1249 (10th Cir. 2001) ("Having been read the stipulation . . . no reasonable jury could have rationally concluded [the defendant] was guilty of the charged offenses . . . but that the amount of cocaine possessed was less than [that required for an increased sentence]."); United States v. White, 240 F.3d 127, 134 (2d Cir. 2001) (holding that a stipulation as to drug quantity, combined with a failure to object at trial to the court's failure to submit quantity to the jury, is harmless error); United States v. Champion, 234 F.3d 106, 110 (2d Cir. 2000) ("[E]ven if the district court erred by arrogating to itself the quantity-determining function [rather than submitting the issue to the jury], any such error was surely harmless [as,] [u]nder the stipulation, a jury could not have found differently."); cf. United States v. Poulack, 236 F.3d 932, 938 (8th Cir. 2001) (holding that a stipulation waives a right to a jury determination on drug quantity, but stating that even if it was error it would not have affected the defendant's substantial rights because the jury would have found the stipulated amount).

Based on the foregoing, the court adheres to our original judgment. Camacho's conviction and sentence are

AFFIRMED.


HILL, Circuit Judge, concurring specially:

I concur in the judgment; the conviction and sentence are affirmed.

As I see it, there was no error under Apprendi v. New Jersey, 530 U.S. 466 (2000), and I conclude that there is, in any case, no institutional reason for the court to devote its time and talent to find out if there was error.

I acknowledge that the indictment did not charge a quantity of drugs sufficient to the provisions of 21 U. S. C. § 841(b)(1)(A). But it did not make a contrary charge. As was the practice before Apprendi, it charged merely the violation of § 841(a)(1), without specifying one of the subparagraphs (A), (B), or (C), of § 841(b)(1). Therefore, at trial before the jury, Camacho could have – successfully, I apprehend – objected to an attempt by the prosecutor to prove any quantity beyond a "detectable amount." Large quantity would have been immaterial and obviously prejudicial.

But Camacho did not object. Indeed, he assisted the government by entering into – and consenting to the publication to the jury of – a stipulation that the

9

quantity of cocaine involved was large – 39.77 kilograms. This stipulation was not entered into at sentencing, after conviction, and presented to the judge. It was entered into during trial, when the jury was present to determine facts. In short it was put to the jury by agreement. When the jury convicted Camacho, they convicted him of violating § 841(a)(1), and of unlawful conduct involving the quantity provided for in § 841(b)(1)(A).[1]

Although § 841(b)(1)(A) was not alleged in the indictment, the element of the crime for which it provides, was, as Apprendi requires, proven beyond a reasonable doubt to the jury. No error.

At the point in the trial when the stipulation was proposed to be published to the jury, Camacho could have, but did not, object. Thus, this element of the crime – quantity – was tried by consent before the jury.

Without further elaboration, I feel that this implied clarification – not a change from one charge to a different one – of the indictment would not rise to the level of an unlawful amendment of the indictment, but was a mere variance of

---

[1] If there been no stipulation, and the prosecution had presented evidence of quantity, including chain of custody from seizure to testing, qualifications of those involved in testing, accuracy of the scales used to determine quantity, etc., and Camacho had, without objection, disputed credibility of these witnesses, offered evidence of little weight, etc., a special verdict by the jury that the material was cocaine weighing 39.77 kilograms would have been no more than the equivalent of the stipulation.

10

which we may take notice without condemnation.  See generally 3 Charles Alan

Wright, Federal Practice and Procedure § 516.

I feel that, by consent and agreement, the parties treated the indictment as

having charged the elements necessary and suffered the proof of them.

Even so, I cannot see why we are debating whether there was error under

these circumstances.  What Camacho asserts as error, two of us conclude was

harmless error and one of us opines that it was not error at all.  The reason we all

agree to affirm is not dependent upon error vel non.  We affirm because, whatever

label we place on the occurrence, Camacho is not entitled to any relief.[2]

We assume that district judges apprehend, via Apprendi, the need of

indictment and proof to the jury, and therefore our need to investigate this sort of

---

[2] Nearly two decades ago, the Supreme Court dealt with this sort of issue in Strickland v. Washington, 466 U.S. 668 (1984), when it reversed this circuit's en banc decision in Washington v. Strickland, 923 F.2d 1243 (11th Cir.1982).  Strickland was a death penalty habeas corpus case in which the petitioner alleged that his trial counsel had been inadequate in certain particulars. Our majority en banc opinion wrestled with the issue of whether counsel had been ineffective for having failed in the stated particulars.  Id.  A dissent found the district judge's approach better; finding that the claimed defective performances by trial counsel to have had no harmful effect upon petitioner's trial, the district judge found no reason to "grade the paper" of the lawyer. There was no reason to analyze adequacy or inadequacy vel non.  Id. at 1288.  The Supreme Court found this approach preferable stating "[i]n particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."  Strickland, 466 U.S. at 697.

The same reasoning applies here.  The panel majority and this separate concurring opinion debate error vel non.  Both agree that it makes no difference as Camacho suffered no prejudice.  Id.  Then, why have I written to support my opinion that there was no error?  Hard to say.

11

claimed error will soon end. We are not undertaking to crystalize a body of law for future guidance. We should instead just decide cases.[3]

The panel majority's finding of harmlessness brings us all together in the correct judgment. The sentence is affirmed.

---

[3] Were we to undertake a cyclopaedia analysis of <u>Apprendi</u> and this case, we might as an academic exercise elaborate on the claimed error, itself. The sentence here does not exceed the maximum available, regardless of quantity of contraband, under § 841(b)(1)(C), however § 841(b)(1)(A) provides for a mandatory minimum sentence not included in (C). So far it appears that six circuits have held that this doesn't implicate <u>Apprendi</u> at all. <u>See</u> <u>United States v. Robinson</u>, 241 F.3d 115 (1st Cir. 2001); <u>United States v. Harris</u>, ___ F.3d ____, No. 00-4154, 2001 WL 273146 (4th Cir. Mar.20, 2001); <u>United States v. Keith</u>, 230 F.3d 784 (5th Cir. 2000); <u>United States v. Williams</u>, 238 F.3d 871 (7th Cir. 2001); <u>United States v. Rodgers</u>, ___ F.3d ___, No. 00-1030, 2001 WL 355620 (7th Cir. Apr. 5, 2001); <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926 (8th Cir. 2000); <u>United States v. Rios-Araiza</u>, No. 00-50132, 2001 WL 232631 (9th Cir. Feb. 15, 2001) (unpublished decision). One circuit is to the contrary. <u>See</u> <u>United States v. Ramirez</u>, 242 F.3d 348 (6th Cir.2001); <u>United States v. Flowal</u>, 234 F.3d 932 (6th Cir. 2000).

In this case the circuit split is of academic interest. Whether error or not, Camacho's sentence is affirmed.