[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2002
THOMAS K. KAHN
CLERK

No. 00-12175

————————————————

D. C. Docket No. 99-00358-CR-T-24A

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PANTALEON ACEVEDO,
JESUS BEATON-PAEZ,

Defendants-Appellants.

————————————————

Appeals from the United States District Court
for the Middle District of Florida

————————————————

**(March 15, 2002)**

Before EDMONDSON, HILL and LAY\*, Circuit Judges.

————————————

*Honorable Donald P. Lay, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

PER CURIAM:

In 1999, appellants Pantaleon Acevedo and Jesus Beaton-Paez were charged with four others in a single-count indictment for conspiring to possess with intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. § 846. After a five-day jury trial, both appellants were convicted as charged.

At sentencing, the district court found that the drug conspiracy involved fifty (50) kilograms of cocaine. She attributed this drug quantity to each of the two co-defendants. On this basis, the district court sentenced Acevedo to 235 months' imprisonment under Section 841(b)(1)(A).[1] Beaton-Paez, under the recidivist

---

[1] The statute reads in pertinent part:

Except as otherwise provided . . . , any person who violates subsection (a) of this section shall be sentenced as follows: (1)(A) in the case of a violation of subsection (a) of this section involving . . . (ii) 5 kilograms or more of a mixture or substance containing a detectable amount of [cocaine]--

*** 

such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . .

21 U.S.C. § 841(b)(1)(A)(ii).

portion of the same section, was sentenced to 240 months' imprisonment.[2]  Both

defendants now appeal.

As previously stated, the indictment charged and the jury convicted Acevedo

and Beaton-Paez of conspiring to possess with the intent to distribute five (5)

kilograms or more of cocaine in violation of Section 846.  Consistent with

precedent existing at the time, the district court did not submit the drug quantity

determination to the jury, but made her own findings of drug quantity at

sentencing.

This requires our evaluation under *Apprendi v. New Jersey*, 120 S.Ct. 2348

(2000).  We discuss no other issues raised upon appeal.[3]  And, as neither appellant

raised timely constitutional objections to their sentences, our review of the

*Apprendi* issue is limited to plain error.  *See United States v. Candelario*, 240 F.3d

1300, 1308 (11th Cir. 2001).  To establish plain error, (1) there must be error, (2)

---

[2] The recidivist portion of the statute reads:  " . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . ."  21 U.S.C. §841(b)(1)(A). Prior to trial, the government had notified Beaton-Paez under 21 U.S.C. § 851 that it intended to seek an enhanced sentence based upon his prior felony drug conviction for conspiracy to traffic cocaine.

[3] All other issues, including those involving sentencing error, are without merit and are affirmed without discussion.  *See* 11th Cir. R. 36-1.

that was plain, (3) that seriously affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See Johnson v. United States*, 117 S.Ct. 1544, 1548-49 (1997).

Sentencing a defendant in excess of twenty years (the statutory maximum allowed without a drug quantity determination pursuant to Section 841(b)(1)(C)), without a jury determination of drug quantity constitutes plain error. *See United States v. Novaton*, 271 F.3d 968, 1016 (11th Cir. 2001), *citing Candelario*, 240 F.3d at 1309. "On the other hand, sentencing a defendant to twenty years or less without such a determination is not error, plain or otherwise, under *Apprendi*." *Id. citing United States v. Sanchez*, 269 F.3d 1250, at 1269-70 (11th Cir. 2001); *United States v. Gerrow*, 232 F.3d 831, 834 (11th Cir. 2000). As *Apprendi* does not apply to prior convictions, where the defendant is a recidivist drug offender, the maximum sentence absent drug quantity under Section 841(b)(1)(C) is thirty years.[4] *See United States v. Smith*, 240 F.3d 927, 930 (11th Cir. 2001).

Here the district court's drug quantity findings and its utilization of the sentencing scheme found in Section 841(b)(1)(A) will not violate *Apprendi* unless

---

[4] The recidivist portion of Section 841(b)(1)(C) reads: " . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years . . . ." 21 U.S.C. § 841(b)(1)(C).

the actual sentences ultimately imposed exceed the catchall maximum penalty found in Section 841(b)(1)(C) that is otherwise applicable when no specific drug quantity is charged or found by the jury. *See Sanchez*, 269 F.3d at 1279. Acevedo was sentenced to 235 months' imprisonment under Section 841(b)(1)(A). Under the recidivist portion of the statute, Beaton-Paez was sentenced to 240 months' imprisonment. As Acevedo's sentence does not exceed twenty years, and as Beaton-Paez' sentence does not exceed thirty years, Section 841(b)(1)(C) is satisfied in both cases, and there is no error, plain or otherwise, under *Apprendi*. *Id.* at 1268-70; *see Smith*, 240 F.3d at 930. Further analysis under the third and fourth prongs of plain error review is therefore moot.[5]

Based upon the foregoing, the judgments of conviction and sentences of Acevedo and Beaton-Paez are

AFFIRMED.

---

[5] Although neither appellant raised the issue of mandatory minimum sentences, "mandatory minimum sentences do not violate *Apprendi's* constitutional rule because they do not exceed the catchall statutory maximum penalty in [Section] 841(b)(1)(C) that is otherwise applicable when no specific drug quantity is charged or found by the jury." *Sanchez*, 269 F.3d at 1279 (thereby overruling *United States v. Camacho*, 248 F.3d 1286 (11th Cir. 2001)).