**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15632
Non-Argument Calendar

_____

D.C. Docket No. 98-00427-CR-MHS-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

JANNICE FRANK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 10, 2005)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Jannice Frank appeals her sentence of 24 months' imprisonment for

violating the conditions of her supervised release. On appeal, Frank contends that the district court erred and violated her due process rights when it imposed a 24-month sentence in excess of the range established in section 7B1.4 of the sentencing guidelines because the court did not consider the Chapter 7 policy statements prior to imposing sentence. Frank notes that although the Chapter 7 guidelines are not binding, the district court must at least consider the Chapter 7 guidelines prior to imposing sentence after revocation of supervised release. Specifically, Frank maintains that court failed to consider the grade of the violation alleged in the revocation petition, as well as U.S.S.G. § 7B1.4's sentencing range for violating supervised release, which, according to Frank's calculations, was 8 to 14 months.

Additionally, on appeal, Frank asserts the district court imposed an unreasonable sentence after revoking Frank's supervised release because the court failed to consider the Chapter 7 policy statements, and "her criminal history [did] not establish her as being particularly deserving of harsh treatment."

I.    **Frank's claim that the district court erred and violated Frank's due process rights by imposing a sentence above the presumptive guideline range, without allegedly considering the Chapter 7 policy statements**

Ordinarily, we review "the district court's decision to exceed the Chapter 7 sentencing range for an abuse of discretion." United States v. Hofierka, 83 F.3d

2

357, 361 (11th Cir. 1996). However, when a defendant fails to state clearly the grounds for an objection, her objection is waived on appeal and reviewed for plain error. United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003); see also United States v. Hayes, 40 F.3d 362, 364 (11th Cir. 1994) (noting that when due process issues are not raised before the district court, this Court reviews due process claims for plain error). Also, when a defendant raises an argument for the first time on appeal, we review only for plain error. See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). Plain error exists when: (1) an error exists that, (2) is plain, (3) seriously affects a defendant's substantial rights, and (4) "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Acevedo, 285 F.3d 1010, 1012 (11th Cir. 2002). Here, we review Frank's claim that the district court erred by failing to consider the Chapter 7 policy statements before sentencing her under the plain error standard because she failed to raise this issue at the revocation hearing. See Zinn, 321 F.3d at 1087.

Upon finding that the defendant violated a condition of supervised release, a court, after considering factors set forth in § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7), may revoke a term of supervised release. 18 U.S.C. § 3583(e). The § 3553(a) factors include, in relevant part: "(1) the nature and circumstances of the offense

3

and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (C) to protect the public from further crimes of the defendant; . . . (4) the kinds of sentence and the sentencing range established for . . . (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ; and (5) any pertinent policy statement issued by the Sentencing Commission. . ." 18 U.S.C. § 3553(a). The sentencing court "shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2).

Chapter 7 of the Sentencing Guidelines, which governs violations of supervised release, contains policy statements. One of the policy statements, U.S.S.G. § 7B1.4, provides recommended ranges of imprisonment applicable upon revocation. Policy statements are merely advisory and thus, non-binding. United States v. Cook, 291 F.3d 1297, 1301 (11th Cir. 2002). "Section 3553 requires a court only to *consider* [them] in determining a defendant's sentence" upon revocation. Id. at 1302 (emphasis in original). It is enough if "there is some indication the district court was aware of and considered [the guidelines.]" Aguillard, 217 F.3d at 1320.

4

In this case, a review of the transcript from the revocation hearing fails to reveal that there was, at a minimum, some indication that the district court was aware of and considered the sentencing guidelines. Although Frank advised the district court that the court could sentence her to (a) 24 months' imprisonment, with no supervised release to follow, or (b) a shorter term, with further supervision, there is nothing in the record to support the conclusion that the court implicitly considered and rejected the Chapter 7guidelines. As such, the district court erred by failing to consider the applicable Chapter 7 sentencing range. Cook, 291 F.3d 1297, 1302.

Nevertheless, assuming without deciding that Frank's applicable guideline range was 8-14 months' imprisonment, the district court did not commit plain error in imposing Frank's sentence without considering the Chapter 7 range because her substantial rights were not seriously affected. In imposing a sentence for violating supervised release, a district court is not bound by the policy statements of Chapter 7 and is not "restricted to the guideline range applicable at the time of the initial sentencing hearing." See Cook, 291 F.3d at 1300. Here, the court's decision to sentence Frank to 24 months' imprisonment far exceeded the presumptive Chapter 7 sentencing range of 8 to 14 months' imprisonment, so it is unlikely that the court would have applied the Chapter 7 sentencing range had it

5

explicitly considered it, especially given the district court's conclusion that Frank was "hopeless." Additionally, Frank was sentenced within the statutory maximum sentence of 24 months' imprisonment for the revocation of supervised release imposed for the violation of 18 U.S.C. § 2314. See 18 U.S.C. § 3583(e)(3).[1] Therefore, because (a) it is unlikely that the district court would have applied the Chapter 7 sentencing range, and (b) Frank was sentenced within the statutory maximum sentence, we hold that Frank's rights were not substantially affected by the court's failure to consider the Chapter 7 sentencing range.[2]

## II. Frank's claim that her sentence is unreasonable

We review the district court's interpretation of the sentencing provisions de novo and the imposition of a sentence following revocation of supervised release for abuse of discretion. United States v. Quinones, 136 F.3d 1293, 1294 (11th Cir. 1998); see also United States v. Thompson, 976 F.2d 1380, 1381 (11th Cir.1992)(held that a sentence of twenty-four months following the revocation of supervised release was not an abuse of discretion).

---

[1] Frank was convicted of interstate transportation of stolen property, in violation of 18 U.S.C. § 2314, an offense punishable by imprisonment of not more than 10 years. 18 U.S.C. § 2314. An offense is classified as a Class C felony if the maximum term of imprisonment authorized is less than 25 years but 10 or more years. 18 § 3559(a)(3). The court may impose a term of imprisonment, not to exceed 2 years if the offense that resulted in the supervised release was a Class C felony. 18 U.S.C. § 3583(e)(3).

[2] Because Frank's rights were not substantially affected by the court's failure to consider the Chapter 7 sentencing range, Frank's due process claims are without merit.

6

A sentencing court, in imposing a sentence upon revocation of a defendant's supervised release, must consider the factors enumerated in 18 U.S.C. § 3553, including the nature and circumstances of the offense, the characteristics and history of the defendant, and the need to deter future criminal conduct and to protect the public. The Sentencing Commission expressly "adopted [the] approach that . . . at revocation the court should sanction primarily the defendant's breach of trust, while taking in account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A, intro. comment. (3)(b).

In the instant case, Frank was sentenced to the statutory maximum sentence of 24 months' imprisonment for the revocation of supervised release imposed for the violation of 18 U.S.C. § 2314. The district court sentenced Frank to the maximum sentence because Frank had a previous forgery conviction, had three fraud convictions, and was currently on state probation for theft and forgery and theft by taking. Accordingly, the court determined that Frank's criminal behavior and similar course of conduct warranted the maximum sentence. Frank does not dispute the district court's findings regarding her criminal history. Nor does she contest the district court's finding that she violated the conditions of her supervised release by (1) violating state law between April 1, 2002, and December

7

31, 2002, by making unauthorized credit purchases on company accounts without the prior knowledge or approval of her employer; (2) failing to make ordered restitution payments; (3) failing to report to the probation officer as directed; and (4) associating with a convicted felon without the permission of the probation officer. While each of Frank's underlying violations may not have been severe individually, it is evident that she continuously ignored the explicit conditions of her supervised release. This pattern of disregard for the system demonstrates a breach of trust sufficient to support the district court's decision to sentence Frank to the statutory maximum of 24 months. U.S.S.G. Ch. 7, Pt. A, intro. comment. (3)(b).

Accordingly, we hold that (1) the district court's apparent failure to consider the presumptive sentencing range under U.S.S.G. § 7B1.4 did not prejudice Frank's substantial rights as the sentence imposed far exceeded the presumptive range under § 7B1.4, indicating that consideration of the § 7B1.4 range would not have influenced the length of Frank's sentence; and (2) Frank's sentence was not unreasonable, given her violation of state law, and other non-compliance with the conditions of her release.

**AFFIRMED.**