**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15900
Non-Argument Calendar

_____

D.C. Docket No. 01-00259-CR-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

TERRY JOSEPH SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 11, 2005)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Terry Joseph Smith appeals his sentence of 24 months' imprisonment for

violating the conditions of his supervised release. On appeal, Smith contends that

the district court abused its discretion when it imposed a 24-month sentence in excess of the range established in section 7B1.4 of the sentencing guidelines because the court disregarded the Chapter 7 policy statements prior to imposing sentence. Smith asserts that at the revocation hearing, the testimony that he presented that he maintained steady employment and supported his family supported "the possibility of an alternative method for rehabilitation rather than incarceration." Smith contends that despite this testimony, and the fact that he was not charged with any new offenses, the district court disregarded viable options to address his drug problem and sentenced him to the statutory maximum of 24-months' imprisonment. Finally, Smith asserts that he should have been sentenced within the recommended guideline sentencing range of 5 to 11 months' incarceration instead of the statutory maximum.

Typically, we review a district court's decision to exceed the sentencing range in Chapter 7 of the Sentencing Guidelines for an abuse of discretion. United States v. Brown, 224 F.3d 1237, 1239 (11th Cir. 2000). However, when a defendant fails to state clearly the grounds for an objection, his objection is waived on appeal and reviewed for plain error. United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003). Plain error exists when: (1) an error exists that, (2) is plain, (3) seriously affects a defendant's substantial rights, and (4) "seriously

affect[s] the fairness, integrity, or public reputation of judicial proceedings."

United States v. Acevedo, 285 F.3d 1010, 1012 (11th Cir. 2002). The plain error standard is applicable here because, although Smith urged the district court to consider his circumstances and consider an alternative to incarceration, he did not make the specific claims that he currently raises on appeal.

Chapter 7 of the Sentencing Guidelines provides imprisonment ranges that a sentencing court may follow when revoking supervised release. U.S.S.G. Ch. 7, Pt. A., intro. (2003). A sentencing court must consider the policy statements under Chapter 7 when imposing sentence upon the revocation of probation, but is not bound by them because they are merely advisory. Brown, 224 F.3d at 1242. We have repeatedly held that drug rehabilitation programs may be considered in determining the length of a sentence imposed upon revocation of supervised release. See Brown, 224 F.3d at 1243 (holding that the district court did not abuse its discretion in considering the defendant's need for drug abuse treatment in imposing a 24-month prison sentence where the maximum of the Chapter 7 recommended range was 11 months); United States v. Wiggins, 220 F.3d 1248, 1249 (11th Cir. 2000) (concluding that the district court did not abuse its discretion in considering the availability of drug abuse treatment in imposing a 24-month sentence where the Chapter 7 recommended range was 3 to 9 months);

3

United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000) (upholding a 24-month sentence imposed solely for the purpose of ensuring that the defendant undergo comprehensive drug abuse rehabilitation where the Chapter 7 recommended range was 3 to 9 months).  Under U.S.S.G. § 7B1.4(a), the range of imprisonment applicable upon revocation is determined by plotting a defendant's grade of violation against his criminal history category at the time of his original sentence to a term of supervision.  United States v. Milano, 32 F.3d 1499, 1501 (11th Cir. 1994) superseded on other grounds by statute as recognized in United States v. Cook, 291 F.3d 1297, 1300 n.3 (11th Cir. 2002).  Here, it is undisputed that the guideline range applicable to Smith's violations was 5 to 11 months' imprisonment.  See U.S.S.G. § 7B1.4(a) (2003).

Under § 3583(g), the sentencing court must revoke supervised release if a defendant possessed a controlled substance or refused to comply with drug testing imposed as a condition of his release.  18 U.S.C. § 3583(g).  In this situation, the statute instructs a court to impose a sentence not exceeding the maximum term of imprisonment authorized under subsection (e)(3).  18 U.S.C. § 3583.  Under subsection (e)(3), Smith may not serve more than two years' imprisonment.  18 U.S.C. § 3583(e)(3).

In this case, the district court made clear on the record that it had considered the applicable recommended sentence range under § 7B1.4, but chose to apply the statutory maximum in order to address Smith's substance abuse problem. Smith does not dispute the district court's determination that he (a) failed to complete the drug treatment program offered by the USPO, and (b) had a severe drug problem. It was within the court's authority to consider the guideline range as advisory and to consider Smith's need for rehabilitation when determining his term of incarceration. See Brown, 224 F.3d at 1240, 1242. Accordingly, the district court did not commit plain error when it sentenced Smith to the two-year maximum term of incarceration authorized under the statute.

**AFFIRMED.**