**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7713**

ABEL DIAZ,

               Petitioner - Appellant,

     v.

WARDEN FCI BENNETTSVILLE,

               Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Florence. Bruce H. Hendricks, District Judge. (4:19-cv-02423-BHH)

Submitted: May 19, 2021               Decided: September 20, 2021

Before GREGORY, Chief Judge, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William Mallory Kent, KENT & MCFARLAND, Jacksonville, Florida, for Appellant. Peter M. McCoy, Jr., United States Attorney, Katherine Hollingsworth Flynn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abel Diaz, a federal prisoner, appeals the district court's order denying relief on his 28 U.S.C. § 2241 petition in which he sought to challenge his sentence by way of the savings clause in 28 U.S.C. § 2255. The district court dismissed the petition without prejudice after concluding that Diaz could not demonstrate entitlement to raise his claim through the savings clause. We affirm.

Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention. *Braswell v. Smith*, 952 F.3d 441, 443-44 (4th Cir. 2020). If the prisoner cannot show that § 2255 is inadequate or ineffective, the district court lacks jurisdiction to consider the petition. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018).

In evaluating a § 2241 petition brought pursuant to the savings clause, we consider Fourth Circuit procedural law but the substantive law of the circuit in which the petitioner was convicted. *Hahn v. Moseley*, 931 F.3d 295, 300-01 (4th Cir. 2019). "Whether a petitioner satisfies the requirements of the savings clause is a jurisdictional question that we review de novo." *Ham v. Breckon*, 994 F.3d 682, 688 (4th Cir. 2021).

It is "beyond question that § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *Farkas v. Butner*, 972 F.3d 548, 555 (4th Cir. 2020) (alteration and internal quotation marks omitted). Rather, this Court has crafted "two separate tests that reflect the limited circumstances under which a

2

convicted prisoner may invoke § 2255(e)." *Id.* at 560. In *Wheeler*, we established a test for determining whether a challenge to a criminal sentence is cognizable by way of the savings clause. Under that test,

> [section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.

As the district court concluded, and Diaz effectively concedes, he cannot satisfy the *Wheeler* test. Diaz asserts that his sentence violated Supreme Court authority from its inception, contrary to *Wheeler*'s first prong. Further, the substantive authority on which he relies issued before his first § 2255 motion. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Acevedo*, 285 F.3d 1010, 1012 (11th Cir. 2002) (per curiam). This authority also does not apply retroactively on collateral review. *See Dohrmann v. United States*, 442 F.3d 1279, 1282 (11th Cir. 2006); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). Thus, Diaz's claim likewise cannot satisfy *Wheeler*'s second prong.

To overcome this jurisdictional deficiency, Diaz asks us to recognize a separate savings clause test that would encompass his *Apprendi* claim. We decline Diaz's invitation. We have recognized that the *Wheeler* test was intended to encompass the "limited circumstances under which a convicted prisoner may invoke § 2255(e)" to

3

challenge "the length of a criminal sentence for an otherwise valid conviction."[*] *Farkas*, 972 F.3d at 560; *see Braswell*, 952 F.3d at 443-44; *Lester v. Flournoy*, 909 F.3d 708, 712 (4th Cir. 2018). We also recently held that the § 2241 remedy is not available for constitutional claims, as allowing such claims to be raised under the savings clause would circumvent the carefully cabined remedy for constitutional claims provided by § 2255. *Farkas*, 972 F.3d at 559. "A panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court." *World Fuel Servs. Trading, DMMC v. Hebei Prince Shipping Co.*, 783 F.3d 507, 523-24 (4th Cir. 2015) (internal quotation marks omitted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Diaz points to our panel decision in *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015), *rehearing en banc granted*, *United States v. Surratt*, No. 14-6851 (4th Cir. Dec. 2, 2015) (unpublished order), *dismissed as moot*, *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017) (en banc), as persuasive authority. As Diaz himself acknowledges, however, the *Surratt* panel decision was vacated by our grant of rehearing en banc, *see* 4th Cir. R. 35(c). It also preceded our decision in *Wheeler*, *see* 886 F.3d at 421-22, 428-29, 433 (discussing *Surratt*), and the narrowly circumscribed test we articulated in that subsequent case.