[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2002
THOMAS K. KAHN
CLERK

No. 01-15881
Non-Argument Calender
_____

D.C. Docket No. 00-00279-CR-MHS-1-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANDRA COOK,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(May 21, 2002)**

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

The defendant Sandra Cook appeals her sentence of twenty-four months in

prison, which was imposed pursuant to 18 U.S.C. § 3565(a)(2) upon the revocation

of her probation.  After review, we affirm.

## I.  BACKGROUND

**A.    Original Sentence**

On January 24, 2001, Cook pled guilty to one count of interstate transportation of stolen checks, for which the statutory maximum penalty is ten years in prison.  See 18 U.S.C. § 2314.  At her sentencing hearing on April 12, 2001, the district court calculated Cook's base offense level to be 7, with a criminal history category of III, and an applicable guideline range of four to ten months under the United States Sentencing Guidelines.  The district court sentenced Cook to a term of three years on probation, plus payment of a special assessment and restitution.  The district court stated that it was imposing a modest sentence because it felt that Cook deserved a final opportunity to "get her life straightened out."  Thus, among the conditions of probation, Cook was required  (1) to serve four months in a half-way house, (2) to participate in a drug and alcohol treatment program as directed by the probation office, and (3) to refrain from any unlawful use of a controlled substance and submit to drug tests as directed by the probation office.  The district court warned Cook that she would receive the "maximum jail time" if she violated the terms and conditions of her probation.  On May 30, 2001, Cook entered a half-way house.

**B.    Modification of Probation**

In July 2001, Cook was discharged from the half-way house because she had violated numerous rules. Shortly thereafter, Cook's probation officer petitioned the court to issue a warrant and order for Cook to show cause why her probation should not be revoked. At a hearing on August 24, 2001, Cook admitted that she had violated her probation. The district court modified Cook's probation by requiring (1) her placement on a electronic monitoring system for four months and (2) her participation in a mental health aftercare program. The district court also repeated its warning to Cook that she would face the maximum time the court could impose if she violated her probation.

## C.    Revocation of Probation

Cook continued to have problems complying with the terms and conditions of her probation. On September 4, 2001, Cook's probation officer again petitioned the court to issue a warrant and order Cook to show cause why her probation should not be revoked. The allegations in this probation revocation petition stated that Cook had tested positive for cocaine use on May 30th and August 24th of that year. Subsequently, this petition was amended to allege additionally that Cook had failed twice to report to random drug screenings and had failed once to report to the probation office.

At a hearing on September 24, 2001, Cook admitted that she had tested positive

3

for drugs on the two occasions alleged in the revocation petition.[1]  The district court

determined that Cook had violated the conditions of her probation and sentenced Cook

to twenty-four months in prison with no supervised release to follow.  In so doing, the

district court explained that Cook had a history of noncompliance with the terms and

conditions of her probation, including her termination from the half-way house, her

drug usage, and her failure to report as required by the probation office.  Moreover,

recognizing Cook's drug problem, the district court specifically requested that Cook

receive 500 hours of drug treatment while she was incarcerated.

After the district court imposed the twenty-four month sentence, Cook objected

that the sentence exceeded both (1) the four to ten month guideline range available at

her initial sentencing and (2) the five to eleven month sentencing range in Chapter

Seven of the Sentencing Guidelines.  Cook also raises these issues on appeal, which

we address in turn.[2]

---

[1]At the September 24th hearing, Cook argued that the positive results from drug tests conducted on May 30th and August 24th should not be considered as grounds for revoking probation because the drug use occurred before the August 24th hearing, in which the district court had modified probation.  However, the government indicated that Cook failed the drug test on August 24th after the hearing had already been conducted on that day.  Implicitly rejecting Cook's argument by considering Cook's failed drug tests as one of the grounds for revocation, the district court concluded that Cook violated the terms and conditions of her probation.  Because on appeal Cook challenges only the length of her sentence and does not challenge the district court's finding that she actually violated her probation, we do not address whether the timing of the failed drug tests was significant.

[2]We review de novo the legality of a sentence.  See United States v. Aimufa, 122 F.3d 1376, 1378 (11th Cir. 1997) (sentence imposed pursuant to revocation of a term of supervised

## II. DISCUSSION

### A. Section 3565

Courts have authority to sentence defendants after probation revocations pursuant to 18 U.S.C. § 3565. Under the pre-1994 amendment version of § 3565, district courts were not permitted to impose a greater sentence after revocation of probation than was originally available based on the relevant facts established at the time of the initial sentencing. See United States v. Smith, 907 F.2d 133, 135 (11th Cir. 1990). Thus, post-sentencing conduct was relevant to probation revocation proceedings only in terms of influencing the court's decision to revoke probation and its selection of a sentence within the guideline range available at the initial sentencing. Id. at 136. Specifically, this prior version of § 3565 required a district court upon revoking a defendant's probation to "impose any other sentence that was available under subchapter A at the time of the initial sentencing." 18 U.S.C. § 3565(a)(2) (1988).

In September 1994, Congress amended § 3565(a)(2) by removing the limitation of the sentence to that available at the time of initial sentencing and replacing it with only the requirement that a district court "resentence the defendant under subchapter

---

release). A district court's decision to depart from the Chapter Seven recommended sentencing range is reviewed for an abuse of discretion. United States v. Dunham, 240 F.3d 1328, 1330 (11th Cir. 2001).

5

A." 18 U.S.C. § 3565(a)(2) (2000). Several other circuits have expressly interpreted the 1994 amendment to § 3565 as empowering the district court to resentence a defendant following revocation of probation without being limited to the sentencing range available at the time of original sentencing. See, e.g., United States v. Hudson, 207 F.3d 852, 853 (6th Cir. 2000); United States v. Pena, 125 F.3d 285, 287 (5th Cir. 1997); United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997) (noting that the amended § 3565(a)(2) "plainly permits a district court to begin the sentencing process anew and to impose any sentence appropriate under the provisions of subchapter A").[3] We agree that under the plain language of § 3565(a)(2), as amended, a court is authorized to resentence a defendant without being restricted to the guideline range applicable at the time of the initial sentencing hearing; instead, a court must only comply with subchapter A in sentencing the defendant. See 18 U.S.C. § 3565(a)(2).

The defendant Cook asserts that this Court should follow the Eighth and Ninth Circuits in holding that the district court's sentencing discretion upon probation

---

[3]Although this Court has concluded previously that a district court cannot exceed the original guideline range when resentencing a probationer, these cases do not apply in this case because they were decided under, and with specific reference to, the pre-1994 amendment version of § 3565. See, e.g., United States v. Hurtado-Gonzalez, 74 F.3d 1147, 1150 (11th Cir. 1996); United States v. Milano, 32 F.3d 1499, 1502 (11th Cir. 1994); United States v. Granderson, 969 F.2d 980, 984-85 (11th Cir. 1992), aff'd, 511 U.S. 39 (1994); Smith, 907 F.2d at 135.

revocation continues to be limited to the guideline range available at the time of initial sentencing, even after the 1994 amendment to § 3565. See United States v. Plunkett, 94 F.3d 517, 519 (9th Cir. 1996); United States v. Iverson, 90 F.3d 1340, 1345 & n.6 (8th Cir. 1996). A closer examination of the cases cited by Cook, however, reveals that they do not hold that a district court must sentence a probation violator to a sentence available at the time of the initial sentencing hearing, but rather that a district court may sentence a probation violator within the range that was available at the time of the initial sentencing.[4]

## B.     Policy Statements in Chapter Seven

Alternatively, Cook argues that even if the sentencing range available at the time of her initial sentencing does not control, the district court erred in imposing a

---

[4]In Iverson, the Eighth Circuit observed that the sentence the district court imposed after the defendant's probation revocation was within the range of sentences available at the time of initial sentencing. 90 F.3d at 1345. The court further noted that "the [1994] amendment [to § 3565] does not alter the district court's power to sentence a probation violator within the range of sentences available at the time of the initial sentence." Id. at 1345 n.6. Thus, the Iverson decision is not inconsistent with the holding that a court has the power to sentence a defendant beyond that which was available at the time of her initial sentencing.

Similarly, in Plunkett, the Ninth Circuit held, in part, that § 3565 "give[s] the trial court discretion to sentence a probation violator to the range of sentences available at the time of original sentencing." 94 F.3d at 519. In sentencing the probation violator in Plunkett, the district court had determined that the proposed term of imprisonment in Chapter Seven of the Sentencing Guidelines was "inadequate." Id. at 518. Thus, the district court returned to the original guideline range of 57 to 71 months, rather than applying the proposed term of 6 to 12 months in prison stated in Chapter Seven. Id. Thus, Plunkett, like Iverson, does not stand for the proposition that a district court must sentence a probation violator to a sentence available at the time of the initial sentencing, but rather that a district court may exercise its discretion to sentence a defendant within the original range.

twenty-four month sentence under subchapter A, which is 18 U.S.C. §§ 3551-3559. Subchapter A contains general provisions regarding the imposition, review, and implementation of sentences. Most significant for purposes of this appeal, § 3553(a) lists the factors the district court shall consider in determining the particular sentence to impose. For example, a district court "shall consider . . . the need for the sentence imposed . . . to provide the defendant with . . . medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). In addition, a district court "shall <u>consider</u> . . . the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code." 18 U.S.C. § 3553(a)(4)(B) (emphasis added).[5]

The Sentencing Commission has not yet promulgated any binding probation revocation guidelines; instead, the Sentencing Commission has opted for the flexibility of advisory policy statements, which are nonbinding on the courts. <u>See</u> U.S.S.G. ch. 7, pt. A (1), (3)(a); <u>United States v. Hofierka</u>, 83 F.3d 357, 361 (11th Cir. 1996); <u>United States v. Milano</u>, 32 F.3d 1499, 1503 (11th Cir. 1994). One of the policy statements in Chapter Seven of the Sentencing Guidelines contains a table with

---

[5]The reference to 28 U.S.C. § 994(a)(3) indicates that courts are directed to consider guidelines or policy statements specifically relating to probation revocations. <u>See</u> 28 U.S.C. § 994(a)(3) ("The Commission . . . shall promulgate and distribute to all courts of the United States and to the United States Probation System . . . guidelines or general policy statements regarding the appropriate use of the provisions for revocation of probation set forth in section 3565 of Title 18 . . . .").

terms of imprisonment for defendants whose probation periods have been revoked. The terms of imprisonment in this table are based on the grade of the probation violation and the defendant's criminal history category at the time of the original sentencing hearing. See U.S.S.G. § 7B1.4; Milano, 32 F.3d at 1501.

Although conceding that the Chapter Seven policy statements and sentencing ranges are not binding, see, e.g., Milano, 32 F.3d at 1503, Cook argues that the district court erred in sentencing her to twenty-four months in prison because that sentence is well above the recommended imprisonment range of five to eleven months that would apply to her under the table in Chapter Seven of the Sentencing Guidelines. See U.S.S.G. § 7B1.4.[6] However, § 3553 requires a court only to consider the Chapter Seven policy statements in determining a defendant's sentence. 18 U.S.C. § 3553(a)(4)(B).

In this case, a review of the transcript from the revocation hearing reveals that the district court determined that the sentence of two years in prison – a sentence

---

[6]We note that Cook also contends that the introduction to the Chapter Seven policy statements supports her first argument that the 1994 amendment to § 3565 did not broaden district courts' authority to sentence probation violators above the guideline range available at the initial sentencing hearing. Specifically, the introduction to Chapter Seven provides that "if the court finds that a defendant violated a condition of probation, the court may . . . revoke probation and impose any other sentence that initially could have been imposed." U.S.S.G. ch.7, pt. A (2)(a). However, to the extent that the introduction in Part A of Chapter Seven could be considered a part of the policy statements, which are contained in Part B, the policy statements of the Sentencing Guidelines are advisory, not binding. See, e.g., Milano, 32 F.3d at 1503.

beyond the recommended range in Chapter Seven – was necessary, in large part, for purposes of Cook's drug rehabilitation and treatment.[7] Among the factors outlined in § 3553(a) for a district court's consideration in sentencing is the defendant's need for correctional treatment. 18 U.S.C. § 3553(a)(2)(D); see United States v. Dunham, 240 F.3d 1328, 1330 (11th Cir. 2001) (concluding that the district court did not abuse its discretion in considering the availability of drug treatment in imposing a sentence exceeding that which was recommended in Chapter Seven). Accordingly, we conclude that the district court did not err, nor did it abuse its discretion, in sentencing

---

[7]Section 3553(c)(2) states that if a court imposes a sentence "outside the range, described in subsection (a)(4), [the court must provide] the specific reason for the imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2). Here, the district court explained its reasoning for sentencing Cook to two years in prison, stating, for example, as follows:

> Well, some of these events might be beyond her control and maybe she needs some long period of incarceration where she can, hopefully, receive treatment; it's not working with her on the outside.
> . . . .
> And the court has imposed a two-year sentence because of your history of noncompliance with these conditions. And the court is aware that you have been terminated from the halfway house previously, due mainly, I believe, to attitude and your behavior there.
> Of course, the court understands that you have a drug problem and that is the reason why, in some cases, you fail to report, and in other cases, you report positive for cocaine.
> . . . .
> The Court will ask that the sentence include some type of program that would give you 500 hours of drug treatment while you are incarcerated, if it's available.
> And, Ms. Cook, you're still a relatively young woman, you can still get your life straightened out; and maybe in a confined area and with discipline that's required with the treatment and with the treatment that's available, you can make a fresh start.

Cook beyond the Chapter Seven recommended range.

### III.  CONCLUSION

In summary, the district court did not err in ordering Cook to serve a sentence of twenty-four months in prison because the district court complied with the provisions of subchapter A.  For the foregoing reasons, we affirm the district court's order, dated September 24, 2001, which sentenced Cook to twenty-four months in prison.

**AFFIRMED.**