[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 23, 2005
THOMAS K. KAHN
CLERK

————————————————

No. 04-14273
Non-Argument Calendar

————————————————

D. C. Docket No. 04-00119-CR-CC-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACQUETTA K. STURKEY,
a.k.a. Kennetra Sturkey, etc.

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

**(May 23, 2005)**

Before TJOFLAT, DUBINA and BLACK*,* Circuit Judges.

PER CURIAM:

Jacquetta Sturkey appeals her 24-month sentence imposed after the district court revoked her supervised release. On appeal, Sturkey contends for the first time that the district court erred by imposing, after revoking her supervised release, a sentence that exceeded the recommended guideline range of 12 to 18 months set forth in U.S.S.G. § 7B1.4 without providing a specific reason for exceeding the range.[1] The district court did not plainly err, and we affirm.

Chapter 7 of the Sentencing Guidelines governs violations of supervised release. We normally review "the district court's decision to exceed the Chapter 7 sentencing range for an abuse of discretion." *United States v. Hofierka*, 83 F.3d 357, 361 (11th Cir. 1996). However, "[w]here a defendant raises a sentencing argument for the first time on appeal, we review for plain error." *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) (concerning challenge to sentence upon revocation of supervised release). "For this Court to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." *Id.* (quotation marks and citation omitted).

Upon finding the defendant violated a condition of supervised release, a court, after considering certain factors set forth in 18 U.S.C. § 3553(a), may revoke a term of supervised release and require the defendant to serve in prison all or part

---

[1] Sturkey did not, and does not on appeal, raise any argument that her sentence violated the Sixth Amendment under the *Apprendi*, *Blakely*, and *Booker* line of cases.

of the term of supervised release. 18 U.S.C. § 3583(e)(3). The court may impose a term of imprisonment not to exceed three years if the offense that resulted in the supervised release was a Class B felony. 18 U.S.C. § 3583(e)(3). The sentencing court "shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . (2) is not of the kind, or is outside the range, described in [18 U.S.C.] subsection (a)(4), the specific reason for imposition of a sentence different from that described." 18 U.S.C. § 3553(c). One of the factors to consider in sentencing is "the kinds of sentence and the sentencing range established for— in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3553(a)(4)(B).

One of the policy statements in Chapter 7 of the Sentencing Guidelines, U.S.S.G. § 7B1.4, provides recommended ranges of imprisonment applicable upon revocation. Sturkey's recommended range under the Guidelines is 12 to 18 months. Policy statements are merely advisory and thus, non-binding; however, courts must at least consider them in determining a defendant's sentence upon revocation. *United States v. Cook*, 291 F.3d 1297, 1301-02 (11th Cir. 2002).[2]

---

[2] Although *Cook* involves revocation of probation as opposed to revocation of supervised release, the statute governing the imposition of a sentence upon revocation and the Chapter 7 policy statement are the same for probation and supervised release. *See* 18 U.S.C. § 3553(a)(4)(B); U.S.S.G. § 7B1.4.

We have not yet held that a district court's failure to comply with 18 U.S.C. § 3553(c)(2) in the context of a sentence imposed after revocation of supervised release is reversible error, much less plain error. Where we have not spoken on the issue, and at least one circuit has held that no remand is required,[3] any error cannot be plain. *See United States v. Britt*, 388 F.3d 1369, 1373 (11th Cir. 2004) ("We have not made a definitive ruling on this issue, so the alleged error cannot be plain or obvious.").

Even if the district court's failure was an error that was plain, Sturkey has failed to meet the third prong of plain error review. She failed to show the outcome of the proceedings would have been different but for the error. *See United States v. Cotton*, 122 S. Ct. 1781, 1785 (2002). Moreover, the record does not reveal prejudice to Sturkey's substantial rights. The Government explained its reasons for seeking a 24-month sentence, and the court heard this explanation. The record supports the Government's reasons for seeking a sentence outside the advisory sentencing range, namely, that Sturkey testified she did not commit shoplifting when the evidence showed to the contrary and she committed the

---

[3] In *United States v. White Face*, the Eighth Circuit recognized that § 3553(c)(2) required sentencing courts to provide reasons for the imposition of a sentence outside the Chapter 7 guidelines range, but noted that there was no provision to remand for failing to comply with the requirement. 383 F.3d 733, 738–39 (8th Cir. 2004). The Eighth Circuit thus held district courts, while encouraged, were not required to provide written reasons for imposing sentences outside the Chapter 7 guideline range and remand was not necessary where the sentences were not plainly unreasonable or an abuse of discretion. *Id.* at 739.

offense only eight months after her release from prison. Moreover, Sturkey was sentenced below the three-year statutory maximum. *See* 18 U.S.C. § 3583(e)(3). Thus, the district court did not commit plain error.

AFFIRMED.