[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2005
THOMAS  K. KAHN
CLERK

No. 04-15850
Non-Argument Calendar

_____

D. C. Docket No. 03-00075-CR-1-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICIA JUNE ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 22, 2005)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Patricia June Anderson appeals her sentence of thirty-six months

imprisonment, imposed following her guilty plea to violations of conditions of her probation.

In 2003, Anderson was sentenced to a term of sixty months probation following her guilty plea to distribution of methamphetamine, a Class C felony in violation of 21 U.S.C. § 841.[1]  In 2004, the probation officer petitioned the court to revoke Anderson's probation because she violated the terms of her release on several occasions by (1) possessing amphetamines and/or methamphetamine, and (2) failing to participate in drug testing.  Given Anderson's criminal history category III in the underlying criminal conviction, and the fact that the conviction involved a Class C felony, the probation officer recommended a term of imprisonment under the sentencing guidelines of five to eleven months.

At sentencing, Anderson pleaded guilty and admitted the violations, although she denied using drugs on one of the occasions listed in the petition.  After considering the guidelines range, the court imposed a sentence of thirty-six months imprisonment, stating that it found the range to be inadequate in this case.  Anderson did not object to the sentence.

On appeal, Anderson argues that the court abused its discretion because the

---

[1]  Under 21 U.S.C. § 841(b)(1)(C), the statute under which Anderson was convicted, the statutory maximum sentence was twenty-years imprisonment, making it a Class C felony.  See 18 U.S.C. §§ 3559(a)(3) and 3561(a).

thirty-six month sentence grossly exceeded the range provided for by the sentencing guidelines.

Generally, we review departures in sentences imposed for probation revocation under Chapter 7 of the sentencing guidelines for abuse of discretion. See United States v. Cook, 291 F.3d 1297, 1299 n.2 (11th Cir. 2002). When a defendant fails to object to an error before the district court, however, we review for plain error. United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002); see also United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Hall, 314 F.3d at 566; Olano, 507 U.S. at 732.

Here, Anderson admitted that her probation violation included possession of a controlled substance, which required the court to impose a term of imprisonment upon revocation. 18 U.S.C. § 3565(b)(1), (3), (4); see also U.S.S.G. § 7B1.4, comment. (n.5). In determining the applicable sentence, the court is instructed by 18 U.S.C. § 3581(b), which authorizes a sentence of not more than twelve years for a Class C felony. 18 U.S.C. § 3581(b)(3).

Under 18 U.S.C. § 3553, a court is required only to consider the sentencing guidelines policy statements in Chapter 7 in determining a defendant's sentence for probation violations, and the guidelines are not binding on the courts.[2] 18 U.S.C. § 3553(a)(4)(B); U.S.S.G. ch. 7, pt. A(1), (3)(a); Cook, 291 F.3d at 1301; United States v. Hofierka, 83 F.3d 357, 361 (11th Cir. 1996); United States v. Milano, 32 F.3d 1499, 1503 (11th Cir. 1994), superceded on other grounds by, Cook, 291 F.3d at 1300. The guidelines range is calculated based on the grade of the probation violation and the defendant's criminal history category at the time of the original sentencing hearing. See U.S.S.G. § 7B1.4; Milano, 32 F.3d at 1501. As the guidelines are merely advisory, however, the court may depart upward from that range, as long as the sentence is within the statutory maximum. Hofierka, 83 F.3d at 362; see also United States v. Booker, 543 U.S. –, 125 S.Ct. 738, 749-50, 160 L.Ed.2d 621 (2005) (citing Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362, 147 L.Ed.2d 435 (2000) and holding that the 'statutory maximum' is "the maximum sentence a judge may impose solely on the basis of the facts . . . admitted by the defendant"). Additionally, the guidelines recognize that, where the original sentence included a downward departure, as Anderson's did, an upward

---

[2] In revoking a term of probation, the court should consider the factors set forth in 18 U.S.C. § 3553(a)(1), including: the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, deterrence, and the need to provide the defendant with treatment. 18 U.S.C. §§ 3553(a)(1), 3583(e).

departure from the sentencing range may be warranted. U.S.S.G. § 7B1.4, comment. (n.4).

Here, upon revocation of probation, the court considered the factors in § 3553(a) and determined that the sentence calculated under the guidelines was inadequate and an appropriate sentence was thirty-six months imprisonment. As the court was authorized to sentence Anderson up to a maximum of twelve years imprisonment, Anderson cannot show plain error in the sentence imposed. See United States v. Rodriguez, 398 F.3d 1291 (11th Cir.), petition for cert. filed, (No.04-1148) (Feb. 23, 2005).

Accordingly, we AFFIRM.