[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16670
Non-Argument Calendar

_____

D.C. Docket No. 02-00014-TP-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERETT CRAIG SIMMONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the  Southern District of Florida

_____

**(August 11, 2005)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

After the district court revoked Everett Craig Simmons's original period of

supervision because it found that he had violated the conditions of his release, the

court imposed of a five-month sentence followed by a new 36-month term of supervised release. Simmons appeals only the period of supervision, arguing that, although the portion of the U.S. Sentencing Guidelines pertaining to the revocation of supervised release was advisory when the court sentenced him, the additional term of supervised release violates his rights under *United States v. Booker*, 543 U.S. ___, ___, 125 S. Ct. 738, 756-58 (2005).

Because Simmons did not raise any objections to the district court's application of the guidelines, our review is for plain error only. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.), *cert. denied*, 125 S. Ct. 2935 (2005). To prevail under plain error review, Simmons must establish that there is (1) an error, (2) that is plain, (3) affects his substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In *Booker*, the Supreme Court held, in relevant part, that the United States Sentencing Guidelines pass constitutional muster as long as the sentencing court considers them as advisory, not mandatory. *Booker*, 543 U.S. at ___, 125 S.Ct. at 764. The portion of the Guidelines pertaining to supervised release, namely Chapter 7, contains policy statements that are explicitly advisory only. *See* U.S. SENTENCING GUIDELINES ch. 7, pt. A(1), introductory cmt. ("Under 28 U.S.C. § 994(a)(3), the Sentencing Commission is required to issue guidelines or policy

2

statements applicable to the revocation of probation and supervised release. At this time, the Commission has chosen to promulgate policy statements only."); *United States v. Cook,* 291 F.3d 1297, 1301 (11th Cir. 2002) (observing that "[t]he Sentencing Commission has not yet promulgated any binding probation revocation guidelines; instead, the Sentencing Commission has opted for the flexibility of advisory policy statements, which are nonbinding on the courts.").

Because the guidelines pertaining to the penalties that a district court may impose upon a revocation of supervised release always have been advisory, the court did not order Simmons to serve an additional term of supervised release under a mandatory Guideline system. *See Cook*, 291 F.3d at 1301. Accordingly, the district court committed no *Booker* error, plain or otherwise, that resulted in a violation of Simmons's rights. Therefore, we find no reversible error and affirm.

**AFFIRMED.**