[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**November 18, 2005**
**THOMAS  K. KAHN**
**CLERK**

_____

No. 04-10418
Non-Argument Calendar

_____

D.C. Docket  No. 03-14010-TP-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZO CORDOVA ILLUVIANO,
a. k. a. Hipolito Jaramillo-Luviano

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 18, 2005)**

Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Lorenzo Cordova Illuviano appeals the imposition of a term of 15 months' imprisonment for violation of the terms of his supervised release. No reversible error has been shown; we affirm.

Defendant was sentenced to 21 months' imprisonment and three years' supervised release on 7 August 2001 after he pled guilty to a federal drug conspiracy offense in North Carolina. Defendant completed his period of imprisonment on 5 November 2001; he was deported to Mexico on 12 December 2001.

While on supervised release, Defendant was charged with -- and pled guilty to -- another federal drug conspiracy offense in Florida; he was sentenced to a term of 140 months' imprisonment and five years of supervised release for this later offense. The drug conspiracy offense and the Defendant's reentry into the United States each constituted violations of the terms of Defendant's supervised release on the North Carolina offense. Defendant admitted to these two violations of his supervised release conditions; supervised release was revoked. Defendant was sentenced -- without objection -- to 15 months' imprisonment to be served consecutively to the sentence imposed on the Florida drug conspiracy offense.

2

For the first time, Defendant raises a <u>Booker</u> issue, <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), in this appeal. Defendant appears to make a compound <u>Booker</u> claim: he argues that (i) his original sentence in North Carolina was invalid under <u>Booker</u> and therefore the resultant supervised release term could not be revoked; and (ii) the sentence imposed upon revocation violated <u>Booker</u> because facts were determined that were neither alleged in an indictment nor proved to a jury beyond a reasonable doubt.

To the extent that Defendant raises a challenge to the sentence imposed for the North Carolina offense that underlies his supervised release violation, Defendant's argument is without merit. As we have said, "a defendant may not challenge, for the first time on appeal from the revocation of supervised release, his sentence for the underlying offense." <u>United States v. White</u>, 416 F.3d 1313, 1316 (11th Cir. 2005). And, in any event, <u>Booker</u> has no retroactive application to cases on collateral review. <u>Id</u>. Our review is limited to Defendant's claim that the sentence imposed for violation of his supervised release was improper under <u>Booker</u>. And, because Defendant raises this issue for the first time on appeal, our review is for plain error only. <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir.), <u>cert</u>. <u>denied</u>, 125 S.Ct. 2935 (2005).

3

Neither the Supreme Court nor this Court has yet determined in a binding opinion that <u>Booker</u> applies to sentencing upon the revocation of supervised release. See <u>id</u>. at 1318. But even if we were to assume the applicability of <u>Booker</u> in this context, Defendant shows no <u>Booker</u> error. Defendant admitted the facts used to determine his guideline range at the revocation hearing; admitted facts support no constitutional <u>Booker</u> error. See <u>United States v. Shelton</u>, 400 F.3d 1325, 1330 (11th Cir. 2005) (no Sixth Amendment violation under <u>Booker</u> when the defendant admitted to the facts that enhanced sentence). And, while we have concluded that a district court commits statutory error under <u>Booker</u> when it applies the guidelines as binding and not as advisory, <u>see id</u>. at 1330-31, the guideline range for a sentence imposed upon revocation of supervised release always has been advisory. See <u>United States v. Cook</u>, 291 F.3d 1297, 1301 (11th Cir. 2002).[*] Defendant's sentence was not increased under a mandatory guideline system; no statutory <u>Booker</u> error, plain or otherwise, has been shown.

AFFIRMED.

---

[*]<u>Cook</u> addressed a sentence imposed upon revocation of probation; violation of probation and supervised release are treated as functionally equivalent. See U.S.S.G., Chapter 7, Part B, Introductory Commentary.