[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12773
Non-Argument Calendar

_____

D. C. Docket No. 00-00856-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER SINGLETON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 29, 2005)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Christopher Singleton appeals his sentence for violation of the terms of his

probation. 18 U.S.C. § 3565(a)(2). Singleton argues, for the first time on appeal, that the district court erroneously imposed a sentence that exceeds the Sentencing Guidelines range and failed to address the statutory sentencing factors. See id. § 3553(a). Because the district court did not commit plain error, we affirm.

## I. BACKGROUND

On April 16, 2001, Singleton was convicted of transportation of stolen goods, sentenced to five years of probation, and ordered to pay $6300 in restitution. See id. § 2314. Two years later, the court modified the conditions of his probation to include substance abuse treatment because Singleton was arrested for driving under the influence of alcohol, had failed to notify the probation officer of the arrest, and had tested positive for cocaine use. By March 2005, Singleton had been arrested again for driving under the influence of alcohol, pleaded nolo contendere to the drunk driving charge, failed to notify the probation officer of the arrest, and failed to make restitution payments for five months. Singleton's probation officer petitioned the court to order Singleton to appear and show cause why his probation should not be revoked.

At the probation revocation hearing, Singleton admitted the allegations in the petition, and the court revoked his probation. The Sentencing Guidelines provided a range of three to nine months of imprisonment. The government

recommended a one-year sentence because "in-patient treatment, out[-]patient treatment, AA meetings, monitoring on a very regular basis[, and] two episodes of electronic monitoring" had not prevented Singleton from abusing alcohol and endangering the life of others. The district court imposed a sentence of twelve months of imprisonment because Singleton posed a danger to himself and others, Singleton did not attend treatment voluntarily, and the penalty for a DUI under the Georgia Code was one year of imprisonment. When the court invited objections, neither party objected to the sentence.

## II. STANDARD OF REVIEW

Ordinarily, we review a sentence that exceeds the Guidelines range for revocation of probation for abuse of discretion, United States v. Cook, 291 F.3d 1297, 1299 n.2 (11th Cir. 2002), but we review arguments first raised on appeal for "plain error," United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). A defendant must show "(1) error, (2) that is plain, and (3) that affects substantial rights." Id. (internal quotations and citations omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations and citations omitted).

3

## III. DISCUSSION

Singleton argues that the district court erred by entering a sentence that exceeds the Guidelines range and by failing to address the statutory factors when it sentenced him. A court may revoke a defendant's probation and impose a new sentence "after considering the factors set forth in § 3553(a) to the extent that they are applicable." 18 U.S.C. § 3565; Fed. R. Crim. P. 32.1(d). When imposing a new sentence, a district court must consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed treatment, (4) the kind of sentences available, and (5) the guideline range. Id. § 3553(a).

The district court did not commit plain error. First, the district court did not plainly err because it considered the statutory sentencing factors, i.e., the protection of the public, see id. § 3553(a)(2)(C), the need for rehabilitative treatment, see id. § 3553(a)(2)(D), the penalty for a DUI under Georgia law, see id. § 3553(a)(3), and the range under the Sentencing Guidelines, see id. § 3553(a)(4). Second, the district court did not plainly err when it imposed a sentence higher than the Guidelines range because Singleton had repeatedly placed himself and others in

4

danger and failed to benefit from supervised rehabilitation programs.

## IV. CONCLUSION

We affirm Singleton's sentence.

**AFFIRMED.**