[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2006
THOMAS K. KAHN
CLERK

No. 05-15567
Non-Argument Calendar

_____

D. C. Docket No. 02-20194-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA LAMELAS-LINARES,
a.k.a. Lauren Maria Fletcher,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 16, 2006)**

Before TJOFLAT, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Maria Lamelas-Linares appeals her sentence of 36 months' imprisonment

imposed after she violated the conditions of her probation to which she was sentenced after she pled guilty to one count of making a false statement to receive Social Security benefits fraudulently, in violation of 42 U.S.C. § 408(a)(7)(A), and two counts of theft of Social Security benefits, in violation of 18 U.S.C. § 641. On appeal, she argues that the district court violated her Sixth Amendment rights and abused its discretion in sentencing her outside the advisory sentencing range of 8 to 14 months' imprisonment, as set forth in U.S.S.G. § 7B1.4. Specifically, she argues that if the court refuses to adhere to the Chapter 7 advisory sentencing range, it must resentence her within, or at least consider, the original Guideline range for her underlying offense.

In determining a defendant's sentence following the revocation of probation, a district court must consider the statutory requirements of 18 U.S.C. § 3565(a)(2), as well as the policy statements contained in Chapter 7 of the Sentencing Guidelines. United States v. Cook, 291 F.3d 1297, 1299-1301 (11th Cir. 2002). The district court has statutory authority under § 3565(a)(2) to revoke a sentence of probation and resentence the defendant according to subchapter A, which includes the sentencing factors enumerated in § 3553(a). See 18 U.S.C. §§ 3551-59. The district court must also calculate an advisory sentencing range under Chapter 7 of the Sentencing Guidelines. See U.S.S.G. § 7B1.4. Although the Chapter 7 policy

statements focus on a defendant's violation of supervised release, "[the] chapter, to the extent permitted by law, treats violations of the conditions of probation and supervised release as functionally equivalent." U.S.S.G. Ch. 7 pt. B, introductory comment.

In United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, the Supreme Court had no occasion to address the Sixth Amendment implications of 18 U.S.C. § 3565(a)(2) or of Chapter 7 of the Sentencing Guidelines. Before Booker, we held that following revocation of probation, "a court is authorized to resentence a defendant without being restricted to the guideline range applicable at the time of the initial sentencing hearing." Cook, 291 F.3d at 1300. In Cook, we also noted that the policy statements of Chapter 7 of the Sentencing Guidelines are merely advisory in imposing a sentence upon the revocation of probation. Id. at 1301. Pre-Booker, the Supreme Court explained that the Sixth Amendment is not applicable in revocation proceedings, and concluded that violations "need not be criminal and need only be found by a judge under a preponderance of the evidence standard." See United States v. White, 416 F.3d 1313, 1318 (11th Cir. 2005) (quoting Johnson v. United States, 529 U.S. 694, 700, 120 S.Ct. 1795, 1800, 146 L.Ed.2d 727 (2000) (addressing revocation of supervised release)). Sentencing following the revocation of probation has always been advisory. Id. Like § 3565,

3

<u>Booker</u> also allows for advisory sentencing based on factors in 18 U.S.C. § 3553(a).  543 U.S. at 261, 125 S.Ct. at 766.

Upon review of the record and the sentencing transcript, and upon consideration of the briefs of the parties, we discern no reversible error. Despite the lower advisory Guideline range, the record demonstrates that the district court imposed Lamelas-Linares's sentence of 36 months' imprisonment after considering a range of evidence, the Chapter 7 Guidelines imprisonment range of 8 to 14 months, the § 3553(a) sentencing factors, and the maximum statutory sentence for each count of her original conviction.  Pursuant to our decision in <u>Cook</u>, the district court may exercise its discretion to resentence Lamelas-Linares outside the original Guideline range. We find no error.

**AFFIRMED.**