[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2006
THOMAS K. KAHN
CLERK

--------------------------------------

No. 04-16164

Non-Argument Calendar

--------------------------------------

D.C. Docket  No. 98-00029-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMBERT BARNES,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court

for the Middle District of Florida

----------------------------------------------------------------

**(May 30, 2006)**

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Lambert Barnes appeals his 24-month sentence, imposed upon revocation of

his supervised release.  Barnes argues that the district court failed to consider

Chapter 7 of the Sentencing Guidelines before imposing sentence. No reversible error has been shown; we affirm.

Barnes failed to object in the district court on the ground he presents on appeal. We, thus, review for plain error. United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).[1]

After determining that a defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering certain factors set out in 18 U.S.C. § 3553(a).[2] See 18 U.S.C. § 3583(e). The district court also must consider the Guidelines Chapter 7 policy statements. See 18 U.S.C. § 3553(a)(4)(B); United

---

[1]On plain error review, a defendant must show "error" that is "plain" and that "affect[s] substantial rights." United States v. Olano, 113 S.Ct. 1770, 1776 (1993). It is only after these conditions have been satisfied that an appellate court then may exercise its discretion and correct the error if it seriously affects the fairness, integrity or public reputation of the judicial proceedings. Id.

[2]The factors the district court must consider are

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; . . . (4) the kinds of sentence and the sentencing range established for . . . (B), in the case of a violation of . . . supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ; and (5) any pertinent policy statement issued by the Sentencing Commission.

18 U.S.C. § 3553(a).

States v. Cook, 291 F.3d 1297, 1301-02 (11th Cir. 2002). But the Chapter 7 policy statements merely are advisory and, thus, non-binding. See United States v. Hofierka, 83 F.3d 357, 360 (11th Cir. 1996).

Here, some of the violations of Barnes's supervised release involved incidents of alleged new criminal conduct: specifically, domestic violence offenses. At the revocation hearing, witnesses testified about the domestic violence offenses; and the parties referenced the Guidelines. The district court then stated that it was imposing a 24-month sentence (above the recommended Guidelines range, but below the statutory maximum) because it was concerned about Barnes's violent temper and his need for mental health treatment.

The district court may not have referred specifically to the 18 U.S.C. § 3553(a) factors. But it was not required to. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). The record here is enough to satisfy us that the district court implicitly considered at least some of the § 3553(a) sentencing factors (such as Barnes's characteristics, the need to protect the public, and the need to provide treatment) in deciding that it needed to craft a sentence longer than the recommended Guideline sentence. See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). The district court's statements, combined with the parties' sentencing arguments, also shows that the court was aware of and

3

considered--but rejected--the Chapter 7 range. The district court did not plainly err in sentencing Barnes to 24 months' imprisonment after revoking his supervised release.

**AFFIRMED.**