[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12697
Non-Argument Calendar

_____

D. C. Docket No. 06-20535-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGINA GARCIA DE FUNCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 13, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Georgina Garcia De Funcia appeals her sentence of nine months of imprisonment for a probation revocation. She contends that her sentence was unreasonable because the district court failed to consider the sentencing factors under 18 U.S.C. § 3553(a) and failed to articulate sufficient findings to support her sentence. After careful review, we AFFIRM.

## I. BACKGROUND

Garcia de Funcia pled guilty to being an accessory after the fact, in violation of 18 U.S.C. § 3, and was sentenced in June 2007 to five years of probation. As part of her probation conditions, she was prohibited from using controlled substances. The conditions also required periodic drug testing, ninety days of house arrest, and participation in a substance abuse treatment program. In January 2009, Garcia de Funcia admitted violating her probation after she tested positively for cocaine and failed to undergo drug testing on three occasions. The court did not revoke her probation but ordered her to enter a ninety-day in-patient drug treatment program.

A second revocation hearing occurred in May 2009. Garcia de Funcia admitted violating her probation based on another positive cocaine test. The government recommended a sentence within the applicable guideline range of three to nine months of imprisonment. Garcia de Funcia acknowledged that she

had a drug problem due to depression over her husband's death, her father's cancer, and being a single mother. However, she argued that house arrest would be more beneficial than jail. She also suggested that medication might help her drug problem and requested an examination by a psychologist or a psychiatrist. The court responded as follows:

> Counsel, this is kind of a unique situation, as you said. And the real uniqueness of this is the fact that your client has had the same probation officer, which rarely happens, from detention all the way through every violation, all the way through her supervised release. A probation officer who I know is accessible, caring[,] and not once, and Ms. Bofan is here to say[,] I need in-patient treatment but there isn't the program or I think I need some additional mental health counseling. All of that is there. What happens consistently, because as you said this isn't your client's first time at the rodeo. She waits until it is this crisis point and then she starts telling us all what the issue is.
>
> Do I empathize with the fact she has had a death and issues, definitely. But the criminal justice part of this remains. Like I said, this case is unique because rarely do I have a chance to talk to the – rarely is the supervising officer the same officer who had the person since they first came into the system. So that's what I have here. I have somebody who has been able to follow her through all the permutations and the manipulations. I don't know if your client explained to you or described to you her last court appearance where she pretty much dared me to jail her and secondly pretty much said she was going to be back. So since she has fulfilled all of those needs I think it is time for me to fulfill mine.

R2 at 7-8. Garcia de Funcia rebutted that she was not a danger to society and had not committed new offenses. The court disagreed:

3

But she is. Eventually that is going to happen and we both know that. And you know that from your practice of this kind of consistent drug use. She has kids.

. . . .

. . . She is going to end up when you don't follow one rule you end up not following others. And she is going to be in that situation where the next time she's going to violate a more serious statute and it's going to be like jail for real.

Id. at 8-9.

Following additional arguments by both parties and a sidebar discussion with the probation officer, the court concluded that "I cannot allow the consistent violations of the supervised release, and I told you exactly what was going to happen if you returned and hopefully I'm always a person of my word." Id. at 12. The court then stated that it had considered the statements of all the parties and the violation report. Pursuant to the Sentencing Reform Act of 1984, the court sentenced Garcia de Funcia to nine months of imprisonment to be followed by one year of supervised release. The court then asked Garcia de Funcia if she objected to the court's findings of fact or the manner in which the sentence was pronounced. Garcia de Funcia responded perfunctorily, "Yes, your Honor." Id.

On appeal, Garcia de Funcia argues that her sentence was unreasonable because the court never stated that it had considered the § 3553(a) sentencing factors, including the nature of the violations. She also contends that nine months

4

of imprisonment was disproportionate to her original sentence of probation with house arrest. Garcia de Funcia concludes that the court's statements were inadequate in a post-Booker[1] environment to justify her sentence at the high end of the guidelines range.

## II. DISCUSSION

As an initial matter, we agree with the government that we may review Garcia de Funcia's sentence only for plain error. A defendant must "*clearly articulate a specific objection during sentencing*" in order to preserve an objection for appeal. United States v. Zinn, 321 F.3d 1084, 1088 (11th Cir. 2003). Because Garcia de Funcia failed to state the grounds for her objection to the court's sentence, our review is limited to plain error. See id. at 1087-88. Under this standard, we cannot reverse unless there is (1) an error, (2) that is plain, and (3) that affected substantial rights. Id. at 1087. Even if all three requirements are met, we must still find that "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation marks and citation omitted).

Before revoking a defendant's probation and resentencing her, a court must consider the factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3565(a)(2);

---

[1] United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

United States v. Cook, 291 F.3d 1297, 1300-01 (11th Cir. 2002) (per curiam).

These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed . . .treatment . . .
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range . . .
>
> (5) any pertinent policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). So long as the record demonstrates that the sentencing court considered these factors, the court is not required to state explicitly that it has done so. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) ("We now . . . squarely hold that nothing in Booker or elsewhere requires the district court to state

on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.")

Although the district court here did not expressly state that it had considered the § 3553(a) factors, the court's statements make clear that these factors influenced the sentence. The court sympathized with Garcia de Funcia's personal hardships but observed her reluctance to seek timely help, her defiant behavior at her previous revocation hearing, her consistent drug use, and the fact that she has children. These facts implicate Garcia de Funcia's history and characteristics as well as the nature and circumstances of her offense. See 18 U.S.C. § 3553(a)(1). Additionally, the court mentioned the importance of criminal justice, Garcia de Funcia's repeated violations of supervised release despite court warnings, and the need to prevent more serious violations of the law. Such considerations promote respect for the law, provide just punishment for the offense, deter future criminal behavior, and protect the public from further crimes of the defendant. See id. § 3553(a)(2)(A), (B), (C). Finally, the court considered the advisory guideline range and the sentencing alternatives proposed by the defendant. See id. § 3553(a)(3), (4). In light of these statements, we find no error, much less plain error, in the district court's consideration of the § 3553(a) factors.

We also find no error in the district court's statement of reasons for imposing a sentence at the high end of the guidelines range. The Supreme Court does not require a detailed explanation for sentences that fall within the guidelines range. See Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). Rather, a sentencing judge must "set forth enough" to show that the judge "considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority." Id. In Rita, the judge's brief statement of reasons was sufficient because the judge listened to the parties' arguments, considered the evidence presented, and was cognizant of the defendant's medical condition and personal history. Id. at 358, 127 S. Ct. at 2469. The same holds true in this case. The court heard from both sides and evaluated all the evidence in light of Garcia de Funcia's particular circumstances. The court's statements were more than adequate to show that it had a reasoned basis for sentencing Garcia de Funcia to nine months of imprisonment. See id. at 356, 127 S. Ct. at 2468; see also United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (per curiam) (concluding that the district court's explanation of a defendant's sentence within the guidelines range was sufficient where the court considered, but did not explicitly reference, the § 3553(a) factors). No error has been shown.

### III.  CONCLUSION

Because the record demonstrates that the court considered the § 3553(a) sentencing factors and had a reasoned basis for the sentence, we find no error, plain or otherwise, in the court's sentencing decision.  Accordingly, we AFFIRM Garcia de Funcia's sentence.

**AFFIRMED.**