[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 27, 2011
JOHN LEY
CLERK

_____

No. 11-11058
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00034-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MACKENZIE BRASWELL SHERMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 27, 2011)

Before TJOFLAT, CARNES and BLACK Circuit Judges.

PER CURIAM:

MacKenzie Sherman appeals his above-Guidelines sentence of 24-months' imprisonment imposed upon revocation of his supervised release. First, Sherman contends for the first time on appeal that the court erred when it impermissibly speculated he would be admitted to the Bureau of Prisons' Residential Drug Abuse Treatment Program (RDAP) when it imposed his sentence. Second, Sherman asserts that his sentence is substantively unreasonable. After review, we affirm Sherman's sentence.

## I.

Upon a violation of supervised release, a district court may impose a sentence of incarceration after consideration of the factors listed in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7). 18 U.S.C. § 3583(e)(3). Specifically, the court may consider the need for the sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. 3553(a)(2)(D); *see also United States v. Cook*, 291 F.3d 1297, 1302 (11th Cir. 2002).

The district court did not plainly err when it considered Sherman's rehabilitative needs during sentencing. *See United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) (noting that when a party does not first raise an issue before the district court, we review for plain error). The alleged error was not

2

plain because precedent does not directly foreclose considering a defendant's rehabilitative needs when imposing a sentence upon revocation of his supervised release. *See United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005) (recognizing there is no plain error if our precedent, or that of the United States Supreme Court, does not directly resolve the issue).

## II.

We review a sentence imposed upon revocation of supervised release for substantive reasonableness under an abuse of discretion standard. *Brown*, 224 F.3d at 1329. A sentence is substantively unreasonable if, after considering the totality of the facts and circumstances, "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the relevant § 3553(a) factors" so that the sentence falls "outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S. Ct. 1813 (2011).

Sherman's sentence is substantively reasonable. The court based its sentence primarily on its perception of Sherman's dependency issues, his need to obtain substance abuse treatment and his inability to receive or successfully complete such treatment on his own. *See* 18 U.S.C. § 3553(a)(2)(D). Sherman

was initially incarcerated for a crack cocaine offense. He violated his subsequent supervised release by using cocaine or marijuana on at least three occasions, failing to submit to a drug test, and failing to successfully complete a substance abuse treatment program. When imposing this sentence, the court also considered the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. Accordingly, the district court did not abuse its discretion when sentencing Sherman.

**AFFIRMED.**