[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15861
Non-Argument Calendar

_____

D.C. Docket No. 1:05-cr-20229-JEM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCIS TENNIELL PRICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 23, 2013)

Before HULL, WILSON and ANDERSON, Circuit Judges:

PER CURIAM:

Defendant Francis Price appeals her ten-month sentence, imposed upon

revocation of a term of supervised release, which the district court ordered to run

consecutive to a six-month state sentence Price was already serving. After review, we affirm.[1]

On appeal, Price does not challenge the district court's revocation of her supervised release or argue that her 10-month sentence, to be served consecutive to her state sentence, is substantively unreasonable. Rather, on appeal, Price's sole argument is that the district court committed procedural error because it erroneously believed that the pertinent Sentencing Guidelines policy statement, U.S.S.G. § 7B1.3(f), addressing the propriety of imposing a consecutive sentence, was mandatory. Price contends that, had the district court realized that § 7B1.3(f) is only advisory, the court likely would have imposed a concurrent or partially concurrent sentence.

Section 7B1.3(f) provides:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

---

[1]We ordinarily review a sentence imposed upon revocation of supervised release for reasonableness using the deferential abuse of discretion standard. See United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). The government contends that we should review Price's claim for plain error because she failed to raise her procedural error during the revocation hearing. We need not resolve this issue because under either preserved or plain error review, Price's claim fails.

U.S.S.G. § 7B1.3(f).  Although § 7B1.3(f) uses the word "shall," all of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  See U.S.S.G. Ch. 7 Pt. A; United States v. Cook, 291 F.3d 1297, 1301 (11th Cir. 2002).

As her sole argument, Price points to a comment by the district court early in the revocation hearing.  Specifically, the government advocated for a ten-month sentence to run consecutive to the undischarged sentences for Price's state court convictions.  The district court replied:

Well, I think it has to run consecutive.

But Mr. Korchin [addressing Price's counsel], it makes sense to me.  I don't think – you know, I thought your client was doing well on supervised release and did for almost four years and then at the end messed up.  But it probably might be best for her to just get the ten months, get it over with and not have any supervised release after the fact.  I don't know.

What are you feeling on it?

Price's counsel then stated that Price's violations were grade C violations, so revocation was not required, and the district court agreed.

Taken as a whole, the record of the revocation proceedings clearly reflects that the district court did not view the U.S.S.G. § 7B1.3(f) as mandatory.  In fact, the district court agreed with Price's counsel that it was not required to revoke supervised release at all.  The district court then listened without objecting as Price's counsel noted that the state court had expressed hope that Price's federal

3

sentence would run concurrent to her state sentence.  The district court also heard Price's alternatives to the government's request for a consecutive ten-month sentence, which included imposing a sentence of time served, or running her federal sentence concurrent to what remained of her state sentence.  The district court listened to these options without disagreement, except for noting that a sentence of time served would not be possible because Price had not served time following her revocation of her supervised release.

The district court also listened as the government argued that Price's alternatives were not appropriate because Price committed her second violation (of shoplifting) shortly after she had committed her first violation (of shoplifting) and had been placed back on supervised release.  Finally, the district court listened as Price herself addressed the court and asked for her sentence to run concurrent to her state sentence.  The district court responded by thanking Price for her comments.  In other words, despite the fact that the parties' arguments as to the appropriate sentence assumed the district court had the discretion to impose something other than a consecutive sentence, the district court never stated that it was bound by the Sentencing Guidelines to impose a consecutive sentence.

Only when the one statement Price identifies is viewed in isolation does it suggest that the district court believed itself constrained to impose a sentence consecutive to Price's state sentence.  When read in context and as part of the

4

record as a whole, however, the statement reflects nothing more than the district court's acknowledgment of, and in this instance agreement with, the Sentencing Commission's recommendation in U.S.S.G. § 7B1.3(f) that a sentence imposed upon revocation of supervised release should be served consecutive to any prison term the defendant is already serving.  See United States v. Cataldo, 171 F.3d 1316, 1319 n.6 (11th Cir. 1999) (explaining that a district court's ambiguous oral statements must be read in context with the district courts acts and, "if possible, are interpreted to be consistent with (and not inconsistent with) the law").

**AFFIRMED.**