[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 25, 2008
THOMAS K. KAHN
CLERK

No. 07-14723
Non-Argument Calendar

_____

D. C. Docket No. 05-20329-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELAN MARSAILLES WIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 25, 2008)**

Before ANDERSON, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Delan Wight appeals his sentence of nine months imprisonment

and 51-months supervised release, imposed upon revocation of supervised release. On appeal, Wight argues that his 9-month sentence, at the high-end of the guideline range, and his 51-month term of supervised release are unreasonable. Specifically, he argues that the district court failed to consider the 18 U.S.C. § 3553(a) factors, failed to adequately account for Wight's arguments in mitigation, and failed to explain why the sentence was necessary under the circumstances of his case.

A sentence imposed upon the revocation of a supervised release term is reviewed for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Recently, the Supreme Court clarified that courts of appeal are to review sentences for abuse of discretion. *Gall v. United States*, 552 U.S. __, __, 128 S. Ct. 586, 597 (2007).

*A. Procedural reasonableness*

We "must first ensure that the district court committed no significant procedural error." *Id.* To that end, the district court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. __, 127 S. Ct. 2456, 2468 (2007). In the revocation setting, "upon finding by a preponderance of the evidence that a defendant has

2

violated a condition of supervised release, [a district court may] revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." *Sweeting*, 437 F.3d at 1107; *see* 18 U.S.C. § 3583(e). Some of the § 3553(a) factors the court must consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, the need to provide the defendant with educational, medical, or other correctional treatment, the kinds of sentence and the sentencing range, the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution. *See* 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

On the other hand, revocation of supervised release is mandatory if, among other things, a defendant refuses to comply with drug testing imposed as a condition of supervised release. 18 U.S.C. § 3583(g). We have held that the defendant's revocation was mandatory because the statutory criteria set forth in § 3583(g)(1) and (3) was met, even though the district court did not explicitly mention that it was revoking pursuant to § 3583(g). *United States v. Brown*, 224 F.3d 1237, 1241-42 (11th Cir. 2000). While the § 3553(a) factors must be considered if supervised release is subsequently revoked under § 3583(e), "when

revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not *require* consideration of the § 3553(a) factors." *Id.* at 1241.

*B. Substantive reasonableness*

If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence. *Gall,* 552 U.S. at __, 128 S. Ct. at 597. Reasonableness review is deferential and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors" rather than reviewing each individual decision made during the sentencing process. *United States v. Valnor*, 451 F.3d 744, 750 (11th Cir. 2006) (citation omitted). Furthermore, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and we "will not substitute our judgment in weighing the relevant factors." *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006), *cert. dismissed*, 127 S. Ct. 3040 (2007), *abrogated on other grounds by*, *Kimbrough v. United States*, 552 U.S. __, 128 S. Ct. 558 (2007).

Although in *Rita*, 551 U.S. at __, 127 S. Ct. at 2462, the U.S. Supreme Court

held that courts of appeal may afford a presumption of reasonableness to sentences within the properly calculated guidelines range, we have declined to provide such a presumption. *United States v. Campbell*, 491 F.3d 1306, 1313-1314 (11th Cir. 2007). While we do not apply such a presumption, "there is a range of reasonable sentences from which the district court may choose[,]" and we ordinarily expect a sentence within the guidelines range to be reasonable. *Talley*, 431 F.3d at 788. We have also held that comparing the sentence imposed against the statutory maximum sentence is one indication of reasonableness. *Valnor*, 451 F.3d at 751-52.

Pursuant to 18 U.S.C. § 3559(a)(3), Wight's underlying offense, which has a statutory maximum of 30 years, is considered a Class B felony. *See* 18 U.S.C. § 3559(a)(2). For a Class B felony, the district court may not sentence a defendant for more than three years in prison following revocation of supervised release. 18 U.S.C. § 3583(e)(3). Additionally, upon revocation of supervised release, the court may require a subsequent term of supervised release after imprisonment. 18 U.S.C. § 3583(h). However, "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id*. The authorized term

5

of supervised release for a Class B felony is a maximum of five years. 18 U.S.C. § 3583(b)(1). For a defendant whose criminal history category was I at the time he was originally sentenced and who committed a Grade C violation, which includes a violation of any condition of supervised release, the applicable guideline range is three to nine months imprisonment. U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a). We have consistently held that the policy statements of Chapter 7 of the Sentencing Guidelines are merely advisory and thus, non-binding. *United States v. Cook*, 291 F.3d 1297, 1301 (11th Cir. 2002).

To the extent that Wight argues that his sentence is unreasonable because the district court failed to properly consider the § 3553(a) factors, his argument is without merit because the district court is not required to consider the § 3553(a) factors when revocation of supervised release was mandatory. Further, we conclude from the record that Wight failed to meet his burden of establishing that his nine-month sentence, within the guideline range, is substantively unreasonable. Accordingly, we affirm Wight's sentence.

**AFFIRMED.**