[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12996
Non-Argument Calendar

_____

D. C. Docket No. 03-00026-CR-WLS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KWANFE THORNTON TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 29, 2008)

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Kwanfe Thornton Taylor appeals her 24-month sentence for violation of her probation, an upward variance from the recommended United States Sentencing Guidelines recommendation of 3 to 9 months' imprisonment. Taylor maintains her sentence was greater than necessary to comply with the requirements of 18 U.S.C. § 3553(a). She argues the district court did not consider that her offenses were non-violent or that she cared for her three young children as best she could during her probation. She alleges it is unclear if the district court considered whether a lower sentence would have adequately protected society. She contends that considering her mental health and substance abuse problems, the district court should have sentenced her below the low end of the advisory sentencing range. Likewise, she asserts the district court did not consider the need to provide Taylor with educational training and medical care, even though she had physical ailments and had tried to secure funds to attend school. Additionally, she asserts the dramatic departure from the advisory sentencing range does not promote respect for the law. She argues the district court also failed to state its reasons for imposing the sentence adequately because it only stated it found the guideline sentencing range inadequate.

We review the sentence imposed upon revocation of probation for reasonableness. *See United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir.

2006) (discussing revocation of supervised release); *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007) (holding probation revocation proceedings are conceptually the same as supervised release proceedings) (quotation omitted). Similarly, we review for abuse of discretion a district court's decision to exceed the Guidelines' recommended range of imprisonment for violations of probation. *United States v. Silva*, 443 F.3d 795, 798 (11th Cir. 2006) ("Chapter 7 of the Sentencing Guidelines governs violations of probation and contains policy statements, one of which provides recommended ranges of imprisonment applicable upon revocation.").

We review a final sentence for reasonableness according to the 18 U.S.C. § 3553(a) factors. *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005); 18 U.S.C. § 3565(a). When reviewing a sentence, we must first determine that the "district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. ___, 128 S. Ct. 586, 597 (2007). The policy statements in Chapter 7 of the Guidelines are also advisory. *Silva*, 443 F.3d at 799.

3

If we conclude that the district court made no procedural errors, we "should then consider the substantive reasonableness of the sentence imposed." *Gall*, 522 U.S. at ____, 128 S. Ct at 597.

The § 3553(a) factors a court must consider in determining a sentence include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; (7) and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a) (1)-(7). The weight accorded to the § 3553(a) factors is left to the district court's discretion. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

There is a "range of reasonable sentences from which the district court may choose." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is

unreasonable in light of both [the] record and the factors in section 3553(a)." *Id.*

The district court need not state on the record that it has explicitly considered each factor and need not discuss each factor. *Id.* at 786. Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *Id.* Similarly, when exceeding the recommended sentence for probation revocation the district court "must normally indicate that it considered the Chapter 7 policy statements." *Silva*, 443 F.3d at 799 (quotation omitted).

When a sentencing court fails to explicitly mention the § 3553(a) factors, we look to the record to see if the district court did, in fact, consider factors relevant to § 3553(a) when imposing the sentence. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir.), *cert. denied*, 128 S. Ct. 427 (2007). "[I]t is sufficient that there be 'some indication' that 'the district court was aware of and considered' the Guidelines, which requires the court to consider 'the sentencing range established' under the Guidelines." *Campbell*, 473 F.3d at 1348-49 (addressing revocation of supervised release) (quotation and citation omitted). The district court must explain the appropriateness of an unusually lenient or harsh sentence with sufficient justification. *Gall*, 552 U.S. at___, 128 S. Ct. at 594. In holding a particular sentence above the Guideline range to be reasonable, we noted it was

5

"appreciably below the statutory maximum." *United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006).

After revoking probation, a district court is not bound by the original guideline range. *United States v. Cook*, 291 F.3d 1297, 1300 (11th Cir. 2002). The statutory maximum sentence in a probation revocation case is the same as for the offense for which the probationer is on probation. *See* 18 U.S.C. § 3565. The district court could have sentenced Taylor to five years' imprisonment for the original offense. 18 U.S.C. § 287. According to the Guidelines, Taylor had a recommended sentence of 3 to 9 months' imprisonment. U.S.S.G. § 7B1.4(a). The Guidelines note, however, that "[w]here the original sentence was the result of a downward departure," like in Taylor's case, "an upward departure may be warranted" when sentencing for probation revocation. U.S.S.G. § 7B1.4 App. n.4. A court may also consider rehabilitation and treatment when sentencing a defendant to an above Guidelines sentence. *Cook*, 291 F.3d at 1302.

The district court did not abuse its discretion in sentencing Taylor to 24 months' imprisonment. The district court did not commit procedural error in determining the sentence. It correctly calculated the Guidelines range of 3 to 9 months' imprisonment and also acknowledged the advisory nature of the Guidelines. Although the district court did not explicitly reference the § 3553(a)

6

factors, the record shows it considered the factors in making its decision. The court acknowledged Taylor's background and the tough times she went through. *See* 18 U.S.C. § 3553(a)(1). It did not believe she would comply with the requirements of probation. *See* 18 U.S.C. § 3553(a)(2)(A), (B), (C). It also considered her alcohol problems and depression, and recommended the Bureau of Prisons place her in the 500-hour residential drug abuse treatment program. *See* 18 U.S.C. § 3553(a)(2)(D). The court acknowledged it could have left Taylor on probation, but did not do so because it was not helpful to her, her children, nor would it help her return to society as "an appropriate conforming adult." *See* 18 U.S.C. § 3553(a)(3). Thus the court explained why it considered the Guidelines range inadequate. Moreover, the Guideline application note suggested an upward departure could be warranted in a case such as Taylor's, because she had previously received a reduction for substantial assistance.

The district court's sentence of 24 months' imprisonment was not substantively unreasonable. Taylor admitted to 13 violations of her probation conditions. According to her probation officer, Taylor "refused to follow instructions, was not readily available for supervision, and did not cooperate with the probation office in any of its efforts to help her complete probation." Given the number of violations and Taylor's lack of compliance with the probation office, it

7

was not unreasonable for the district court to sentence her to 24 months' imprisonment, which was less than the statutory maximum of 5 years' imprisonment.

Based upon the foregoing and our review of the record and the briefs, we affirm Taylor's sentence as reasonable.

**AFFIRMED**