[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13223
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 18, 2010
JOHN LEY
CLERK

D. C. Docket No. 02-21037-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTIAN FERNEY SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 18, 2010)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Christian Ferney Sanchez appeals the district court's imposition of a 30

month sentence after Sanchez violated the terms of his supervised release by committing an assault and physical injury with a weapon or instrument. He argues his sentence is unreasonable because: (1) the district court did not consider a within-Guidelines sentence or any of the 18 U.S.C. § 3553(a) factors; (2) the district court did not adequately explain its reasons for imposing an above-Guidelines sentence; and (3) the district court impermissibly increased his sentence based on unfounded assumptions about his immigration status. After careful review, we affirm.

A sentence imposed following the revocation of supervised release is reviewed for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006).[1] In reviewing sentences for reasonableness, we perform two steps. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines

---

[1] This Court has not addressed whether the plain error standard applies when a party fails to object in detail to the reasonableness of a sentence below. We need not reach that issue here, because Sanchez's sentence is proper under both the reasonableness and plain error standards.

range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The district court need not state on the record that it explicitly considered each factor and need not discuss each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient" under United States v. Booker, 543 U.S. 220 (2005). Id.

Thus, even where the district court fails to "explicitly articulate that it had considered the § 3553(a) factors," its explanation is sufficient if it is clear that it did consider a number of the sentencing factors. United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (district court's failure to explicitly articulate that it had considered the § 3553(a) factors was not error, in light of its consideration of defendant's objections and motion for downward departure, which implicated a number of factors). The weight accorded to the § 3553(a) factors is left to the district court's discretion, and we will not substitute our judgment in weighing the relevant factors. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007).

Title 18, United States Code, § 3583 provides that a district court may revoke a term of supervised release and impose a sentence of imprisonment for the violation after considering the factors set forth in 18 U.S.C. § 3553(a)(l), (a)(2)(B)-(D), and (a)(4)-(7). 18 U.S.C. § 3583(e). These factors include: (1) the

nature and circumstances of the offense and the history and characteristic of the defendant; (2) the need for the sentence imposed to (a) afford adequate deterrence to criminal conduct, (b) protect the public from further crimes of the defendant, and (c) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the sentencing range established by the Guidelines; (4) the pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted disparities; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). Chapter Seven of the Sentencing Guidelines, which governs violations of supervised release, contains policy statements, including U.S.S.G. § 7B1.4, which provides recommended ranges of imprisonment applicable upon revocation. Although these policy statements are merely advisory, § 3553 requires the district court to consider them when determining a defendant's sentence. United States v. Cook, 291 F.3d 1297, 1301-02 (11th Cir. 2002).

Here, Sanchez has not established that the district court imposed a procedurally unreasonable sentence because it both considered the advisory Guidelines range and the applicable § 3553(a) factors. In particular, although the district court did not explicitly state it had considered the § 3553(a) factors, it allowed both the government and Sanchez to make arguments concerning the

4

appropriate sentence to impose, both of which discussed facts relevant to the § 3553(a) factors, and the district court declared, before imposing sentence that it had "considered the statements of the parties." In addition, in enumerating the reasons for the sentence imposed, the district court referenced the nature and circumstances of the offense, Sanchez's characteristics, the need to protect the public from Sanchez, and the need to provide him with medical treatment by ordering his participation in a drug and alcohol abuse program. Further, the district court did consider the advisory guidelines range. At the district court's request, the government provided it with the correct Guidelines range -- 18 to 24 months -- and the statutory maximum -- three years. The district court then stated that it found a sentence above that range to be appropriate, which provided "some indication the district court was aware of and considered [the Guidelines]." United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

Nor has Sanchez established that the district court failed to adequately explain its reasons for imposing a sentence above the advisory Guidelines range. Where, as here, the district court sentences the defendant outside of the Guidelines, it commits a procedural error if it fails to adequately explain why it has done so. United States v. Rita, 551 U.S. 338, 357 (2007); 18 U.S.C. § 3553(c)(2). The district court clearly stated that "a sentence above the advisory guideline range is

5

appropriate in this matter, based upon the facts of this case and the injuries suffered by the victim" of Sanchez's unprovoked assault as well as the fact that Sanchez lied to his probation officer about the details of the attack. This is sufficient.

Although we generally review the sentence imposed for reasonableness, we review de novo "whether a factor considered by the district court in sentencing a defendant is impermissible." United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (citation omitted). "A sentence that is based entirely upon an impermissible factor is unreasonable because such a sentence does not achieve the purposes of § 3553(a)." Id. (quotation omitted). Thus, "a judge may not impose a more severe sentence than he would have otherwise based on unfounded assumptions regarding an individual's immigration status." Id. at 1253.

The district court did not mention Sanchez's immigration status when it stated its reasons for the sentence imposed. Instead, the district court only commented on Sanchez's immigration status after imposing his sentence and in the context of discussing his obligations should he be deported or voluntarily leave the country. Accordingly, Sanchez has not established that the district court impermissibly increased his sentence based on unfounded assumptions regarding his immigration status.

**AFFIRMED.**

6